Pearson, J.
 

 The motion to set aside the award is put on three grounds: 1, the arbitrators have assessed no damages; 2, the award is vague and uncertain; 3, it is not final.
 

 These three exceptions are disposed of by
 
 Miller
 
 v.
 
 Melchor,
 
 13 Ire. 439. The first is the converse of the first point made in
 
 Miller
 
 v.
 
 Melchor.
 
 There the exception was, that the arbitrators had assessed actual damages, — here the exception is, that no damage is assessed. It is decided by that case, that the matter of damages is in the discretion of the arbitrators. When actual damages have
 
 *75
 
 been sustained, tliey are at liberty to assess them, and consequently when, in their opinion, no damage has been sustained, they are at liberty to say so; and the omission to find nominal damage (which is a mere form in entering up a judgment according to the course of the Court) is not a fatal objection.
 

 The other two exceptions are precisely those made in
 
 Miller
 
 v. Melchor; and as the report of that case does not notice them, or state the facts upon which they arise, it will not be amiss to extract the portion of the opinion delivered in that case, applicable to these exceptions.
 

 “
 
 The second exception, that the award is vague and uncertain,
 
 u
 
 is not well founded. It fixes upon a certain line as a dividing “ line between the parties, and it is plainly to be intended, that the
 
 u
 
 lessor is to be put into possession up to this line. So the Court
 
 “
 
 is enabled to give judgment for the entire damages and cost,
 
 cc
 
 and to order a writ of possession in favor of the lessor. Here-
 
 “
 
 in it is plainly distinguishable from
 
 Duncan
 
 v.
 
 Duncan,
 
 1 Ire.
 
 “
 
 466, which was relied on by the defendant. There the rofer-
 
 “
 
 ecs said the plainliif should pay the defendant $>1544, and con- “ vcy to her three-fourths of the whole amount of land purchased
 
 “
 
 of the executors of Charles Findley, deceased, to be taken off
 
 ‘ ‘
 
 the upper part of said land. The award was uncertain and
 
 “
 
 vague, because it did not show what land had been purchased £i of the executors of Findley; and it did not fix on any definite
 
 “
 
 line by which the portion allowed Avas to be taken off the up-
 
 u
 
 per part. No judgment could be rendered by Avhich to carry
 
 u
 
 the a\A'ard into effect, because, to do so, required a conveyance (í and a decree for a specific performance, Avhich could not be
 
 u
 
 made in ejectment. 3. There is no force in the last objection.
 
 ec
 
 The arbitrators, by aid of the surveyor named in the order of
 
 ec
 
 reference, had fixed on a line up to Avhich the lessor is entitled
 
 “
 
 to have possession. They have assessed entire damages, and
 
 “
 
 ha\re disposed of the costs. This is, it seems to us, a final and
 
 “
 
 complete disposition of all the matters referred.”
 

 In the case before us, the matter in dispute Avas the location of the dividing line. The arbitrators fix on it by the aid of a survey and title papers, offered in evidence before them, and give its
 
 *76
 
 location, to wit, from
 
 >
 
 a white oak stump north 45° east 282 poles to a red oak on Rose’s creek, &c. This settles the matter in dispute. They then award that the defendant shall pay the cost, and as they say nothing about damages, the presumption is, there were none. At all events, it was a matter left to their judgment, and they have made a final and complete disposition of all the matters referred.
 

 Per Curiam. Judgment affirmed.