JOS. R. BLOSSOM v. GEORGE O. VAN AMRINGE, JR., and others.

Arbitrators are no more bound to go into particulars, and assign reasons for their award, than a jury is for its verdict. Their duty is best discharged by a simple announcement of the result of their investigations.

Where arbitrators award that the personal property for which a suit has been brought, belongs to the defendant, and that the plaintiff shall pay the costs, *held* to be *final* as regards such suit.

An award as to *the arbitration fee, held* to be valid where the order of reference expressly entrusted the arbitrators with its determination.

(*Patterson* v. *Baird*, 7 Ire. Eq., 255, cited and approved.)

BILL, which had been referred, and was heard upon exceptions to the award before *Barnes, J.*, at Spring Term 1868 of the Court of Equity for NEW HANOVER.

This cause, (which has been before the Court previously, Phil. Eq. 133) together with the action of Trover mentioned therein, as well as the question of the " Arbitration fee," was referred in the Court below, at Spring Term 1867, to three persons, who made their award, and returned it at the last term, when exceptions were filed by the defendants and sustained by his Honor, whereupon the plaintiff appealed.

The details of the award, so far as excepted to, as well as the nature of the exceptions, sufficiently appear from the opinion of the Court.

5

*W. A. Wright,* and *Phillips & Battle,* for the appellant.
*Person* and *Strange, contra.*

PEARSON, C. J. "Arbitrators are no more bound to go into particulars and assign reasons for their award, than a jury is for its verdict. The duty is best discharged by a simple announcement of the result of their investigations." *Patterson* v. *Baird,* 7 Ire. Eq., 255.

The award under consideration seems to have been drawn up with a special reference to this principle; and all of the exceptions, except two, are so fully met by it, that we do not feel called upon to discuss them in detail; and the two which do not fall under this principle, as it seems to us, may be disposed of in a very few words.

1st. "The award of the arbitrators is not final, because they have not decided the suit at law, and it was the intention and spirit of the submission, that an award to be final, should be final as to both suits." It certainly was the intention to submit all matters in difference between the parties, and this exception would be fatal, if the action at law is not decided by the award. But in point of fact it is decided. The property for which the action is brought, is decided to belong to Blossom, the defendant, and the costs of the suit are to be paid by George O. Van Amringe, the plaintiff. This, we consider a most effectual disposition of that action, fully as much so, as if the award had been, that George O. Van Amringe should dismiss the action, pay the costs, and release all right to the "stuff," for which the action was brought, the property being then in the possession of Blossom, or having been previously sold by him.

2. "The arbitrators have found their own compensation." By the very terms of the submission, the costs of the action at law, of the suit in equity, and of *this arbitration,* are referred to the arbitration and determination of the referees. This fully meets the objection. Sometimes the parties fix upon the compensation which the referees are to receive; at other times, as in this case, that matter is left to be disposed

of by the referees after the work is finished, and they are in a condition to say, what will be a proper compensation; when that is the case, in the absence of any charge of corruption, it certainly cannot be expected that the Court shall wade through all of the voluminous proceedings, accounts, time devoted to the investigation, &c., in order to determine whether the amount of compensation fixed on is too high, for the reason, that the parties have agreed to leave that question to the arbitrators, and they are bound by it, except there be an allegation of unfairness so well sustained as to induce the Court to interfere, in order to prevent fraud and oppression by an abuse of the power confided to the arbitrators.

Decretal order sustaining the exceptions reversed, and judgment in the action at law, and a decree in the suit in Equity according to the award.

PER CURIAM. Decree accordingly.