ALVIS KING and others v. THE FALLS OF NEUSE MANUFAC-
TURING COMPANY and others.

*Arbitrators—Award.*

1. The duty of arbitrators is best discharged by a simple announcement of the result of their investigations. They are not bound to decide according to law, but may decide according to their own notions of right without giving any reason therefor.

2. If they undertake to decide according to law, and it appears upon the face of the award that they have misconceived any principle of law applicable to the case, the award will be set aside.

(*Patton* v. *Baird*, 7 Ire. Eq. 255; *Leach* v. *Harris*, 69 N. C. 532, cited and approved.)

CIVIL ACTION tried at Spring Term, 1878, of ALAMANCE Superior Court, before *McKoy, J.*

The principal facts appear in the opinion. The parties agreed in writing to refer all questions involved in the cause to arbitrators whose award should be entered as the judgment of the Court, and in accordance therewith, *Cox, J.* made the order of reference. Two of the arbitrators submitted a report, the third dissenting thereto; and that portion of the report which is the subject of the plaintiff's exceptions is as follows:—We determine and award that the purchases by the Falls of Neuse Manufacturing Company and P. R. Harden, of W. J. & Albert Murray, respectively, shall be held and taken to be valid, free and discharged of all trusts in favor of said creditors, but the said creditors shall participate in the following funds (naming them) in lieu of the property purchased of Murray; to which the

plaintiffs except and insist that while the arbitrators undertook to decide the questions of law involved, it is apparent that the conclusion of the majority of them is erroneous. 1st—In holding as a matter of law that the purchasers from Albert Murray of his interest in the joint property, after the dissolution of the firm with notice thereof, and with notice of outstanding debts, shall be taken to be valid, and free and discharged from all liability to the joint creditors; 2d—In holding that the joint creditors, as a matter of law were only entitled to a portion of the funds in respect of the purchase from Albert Murray, instead of holding that they were entitled to a sale of the property purchased and the proceeds thereof, and 3d—That the award was not made in accordance with the terms of submission.

Upon the hearing His Honor overruled the exceptions and ordered judgment to be entered according to the award, from which ruling the plaintiffs appealed.

*Messrs. Scott & Caldwell*, for plaintiffs.
*Mr. J. E. Boyd*, for defendants.

FAIRCLOTH, J. The plaintiffs suing as creditors of the partnership of W. J. & A. Murray seek to have certain property in the possession of the defendant applied in payment of their claims. They allege that said property was the property of said partnership and that it was sold to the defendant company after the dissolution of the said partnership, with notice of indebtedness of said firm, and that the sale was made to hinder and defraud the payment of the partnership debts. These and other allegations are denied by the defendant, thus raising many issues. These issues however have been determined by a tribunal selected by the parties for that purpose, and are therefore not before us. By the written agreement of the parties to this action filed with the record, "all and every question or issue, whether

of law; equity or fact involved between them, as well as all such questions and issues as may exist between the defendants themselves arising out of the sale of the firm property," &c., were referred by order of Court for award and decision, with the further agreement that the award of the referees or a majority of them shall be final between the parties, and that judgment shall be entered accordingly. The referees heard and determined the matters referred to them and filed their award. The plaintiffs filed exceptions to the referees' report, and say that they decided certain questions contrary to law. It is not alleged that they considered any matter not referred to them, or that they failed to consider anything involved in the action; nor is there any suggestion that the referees were governed by any improper motives.

It is well settled that arbitrators are no more bound to go into particulars and assign reasons for their award, than a jury is for their verdict. The duty is best discharged by a simple announcement of the result of their investigations. It is equally well settled that they are not bound to decide according to law, for they are a law unto themselves, and may decide according to their notions of right and without giving any reasons. If however they undertake to decide according to law, and it appears from the face of the award that they have misconceived any principle of law applicable to the case, then the award is void. *Patton* v. *Baird*, 7 Ire. Eq., 255; *Leach* v. *Harris*, 69 N. C., 532; Morse on Arbitration and Award, ch. 10, p 293.

Looking then at the face of the award alone, which seems to have been made in view of the above principles, we find a simple announcement of conclusions arrived at, without any reasons, and without disclosing whether they decided the questions according to any principle of law or equity, or according to " their own law," which is, as before stated, their own notions of justice in the matters before them.

From the terms of submission it appears that full authority was given the referees to dispose of all issues and questions, as they have done; and as no mistake is apparent on the face of their report, and as we can not see that they have not done precisely what they intended to do, we are unable to perceive any reason why the award should be disregarded, and not made conclusive, as seems to have been the intention of all interested parties when the reference was made. Let final judgment be entered in this Court according to the award.

PER CURIAM.                     Judgment affirmed.