THOMAS J. OSBORNE v. R. S. CALVERT and others.

*Arbitration—Award—Evidence.*

Arbitrators chosen to decide all matters in controversy between several
late partners in trade, made the following award :—"We, the referees
chosen to make a settlement between John Osborne and R. S. Calvert,
do make this settlement, to-wit:

| | |
|---|---:|
| That Calvert is due Osborne on first settlement | $325 00 |
| On settlement with Tom Osborne & Calvert | 268 75 |
| Interest | 10 75 |

(Signed by Arbitrators)                                 $604 50

*Held,* (1) That, with the aid of parol evidence to show upon what mat-
ters the arbitrators acted, such award is not impeachable, either for
uncertainty or for failing to pass upon all matters submitted.
(2) That parol evidence is admissible to show upon what matters arbi-
trators acted.

(*Patton* v. *Buird,* 7 Ired. Eq., 255; *Blossom* v. *Van Amringe,* 63 N. C.,
65; *King* v. *Neuse Mfg. Co.,* 79 N. C., 360; *Barretz* v. *Patterson,* Tay.,
37; *Carter* v. *Sams,* 4 Dev. & Bat., 182; *Stevens* v. *Brown,* 82 N. C.,
460; *Brown* v. *Brown,* 4 Jones, 123; *Walker* v. *Walker,* 1 Winst., 259,
cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of IREDELL Superior Court, before *Gilmer, J.*

Verdict and judgment for plaintiff, appeal by defendants.

*Mr. J. M. Clement,* for plaintiff.
*Mr. J. M. McCorkle,* for defendants.

SMITH, C. J. The action is on an award made as alleged in the complaint and denied in the answer, pursuant to an agreement of reference the terms of which are set out in the condition of a penal bond executed by all the parties to one John W. Weaver, as follows:

The condition of the above obligation is such that whereas a certain matter of controversy has arisen between the above bounden about and concerning the dealings and mutual accounts, kept by and between themselves for the last several years; and whereas they have mutually agreed to refer and submit to the arbitrament and award of John A. Stikeleather, J. W. W. Weaver and T. M. Gill, arbitrators indifferently named and chosen by and between them, and all things and considerations relating thereto; and it is agreed that the said arbitrators shall hear such statements of the parties and hear such evidence as they may deem proper, and make their award in writing and deliver it to the parties, provided it be made in writing and delivered to the parties at the time and place of making their award: Now therefore if the above bounden parties well and truly abide by, observe, keep and perform all and singular the agreements recited in this condition, then the above obligation to be void; otherwise to remain in full force and effect.

(Signed)      J. E. Osborne, [seal,]
T. J. Osborne, [seal,]
J. C. Calvert, [seal,]
R. S. Calvert, [seal.]

Witness: J. W. Wilson.

The award rendered is in these words: We, the referees chosen to make a settlement between John Osborne and R. S. Calvert do make this statement, to-wit: That Calvert is due Osborne on first settlement,......................$325 00
On settlement with Tom Osborne and Calvert,...... 268 75
Interest,.......... ..... ..... ...... 10 75

$604 50

(Signed)  J. W. W. Weaver,
J. A. Stikeleather,
T. M. Gill.

The instrument containing the terms and conditions of the reference is ineffectual as a bond, because all the contending parties are obligees and all are answerable for the default of each, so that the person to whom any sum may be awarded to be paid by another, is himself equally bound to pay it, and hence the paying and receiving hand being one and the same, the matter is adjusted without any payment at all. In other words, the instrument has no legal operation for the security of any of the parties to the controversy proposed to be settled by the arbitration, and the obligee has no beneficial interest in what may be awarded. But the plaintiff and defendant have treated the recitals in the condition as evidence of their agreement and its provisions, and upon the issue as to the existence of such agreement the jury find in the affirmative, and no exception being taken, the enquiry into its validity as well as its terms is concluded by the verdict.

The main contention is as to the certainty and sufficiency of the award in form to embrace and determine all the matters referred, and the admissibility of extrinsic proof that such were considered and passed upon by the arbitrators.

Two of the arbitrators were introduced by the plaintiff and were allowed after objection to testify, and proved the

following facts in connection with the making the award: The arbitrators met on the day when the agreement for submission was entered into, all the parties being present and on September the 28th, a few days thereafter, concluded their labors, made their award and delivered copies to each. They received and examined all claims presented, either individual or partnership, and heard the statements of the witnesses produced. The claims of the two original defendants were presented by R. S. Calvert, the present defendant, and among them one in favor of Calvert & Osborne. No claim was offered by James Calvert, the deceased. The arbitrators considered all the matters of account between the parties. The plaintiff enquired of the witness, Gill, how many (if more than one) decisions were made, and in answer after objection stated that he acted when his associates differed, that the transactions of the firm engaged in manufacturing whiskey, and consisting of R. S. Calvert and Thomas Osborne, the parties to the present action, and those of the firm engaged in making brandy, consisting of John Osborn and R. S. Calvert, were distinct and separate.

The defendant's counsel asked the court to charge the jury:

First. The award was upon its face uncertain and indefinite, and secondly, not co-extensive with the terms of submission, and for both reasons void.

The court declined to give the instruction in these precise words, and charged the jury in substance that the award must be co-extensive with the agreement to refer, and if they believed upon the testimony of the witness that all disputed matters were considered and decided by the arbitrators, full opportunity being afforded the parties to prepare for trial, and all the evidence was heard, and further that the Tom Osborne mentioned in the award is the present plaintiff, then the award was sufficient and otherwise not. They were directed to disallow the item of in-

terest because it did not appear to which of the. sums awarded it belonged. The jury rendered their verdict for the plaintiff and from the judgment thereon the defendant appealed.

The only errors assigned are the refusal of the judge to direct the jury as requested and the admission of parol evidence to show what the arbitrators took into consideration and disposed of in their award.

1. The form of the award is obnoxious to neither imputation of uncertainty or of insufficiency. The testimony of the arbitrators discloses the fact that there were two partnership accounts settled, in both of which the defendant was a member, and that he was found to owe a balance in one settlement to his copartner, John Osborne, and in the other to his copartner, the plaintiff, and these sums are ascertained and awarded. The language used by the arbitrators is not very perspicuous, but in the favorable light in which awards are regarded, we think it is manifest the arbitrators intended, and such is the fair import of their award, to charge the defendant with the payment of $325 to John Osborne in the settlement of their partnership matters, and of $268.75 to the plaintiff in the settlement of theirs.

It is also sufficiently comprehensive to meet the requirements of the submission. It does not go into details but embodies the results of the investigations they were required to make. No defect is apparent upon its face, and no matters brought to the attention of the arbitrators over-looked or omitted. The field of enquiry was as large as the scope of the reference, and their duty appears to have been fully and faithfully performed. They are not required to report the particulars of their investigation, nor ought they needlessly to do so.

In *Patton* v. *Baird*, 7 Ired. Eq., 255, at the close of the opinion, PEARSON, J., makes this remark : " It may not be amiss to add, arbitrators are no more bound to go into par-

ticulars and assign reasons for their award than a jury are for their verdict. *The duty is best discharged by a simple announcement* of the result of their investigations." The same observation is reiterated in the subsequent cases of *Blossom* v. *Van Amringe,* 63 N. C., 65, and *King* v. *Neuse Mfg. Co.,* 79 N. C., 360.

There are abundant precedents to support the completeness and validity of this award. Where the dispute was about the value of stock and goods which each party had received from a certain farm, and their keep and feeding, and also as to the proportion each should pay in making up a certain sum, and, upon a submission, an award was made directing the defendant to pay a certain sum to the plaintiff and the costs divided between them, it was held sufficient.. Watson Arb., 190.

An award upon a reference of a cause and all matters in difference that nothing was due is unobjectionable. *Ibid.* So where many different items of account or separate demands for money are presented, or where there are counterclaims, an award of a gross sum from one to the other will suffice. Morse Arb. and Award, 265.

Where the submission is general, an award of a specific sum will be presumed to be a full execution of the submission; and if several specific matters are referred, if the award shows an intent to decide all, it need not mention then in detail. *Ibid.* 348 and 350.

Awards are favorably considered and such construction will be adopted when admissible as will give them effect rather than defeat them. *Barretz* v. *Patterson,* Tay., 37; *Carter* v. *Sams,* 4 Dev. and Bat., 182; *Stevens* v. *Brown,* 82, N. C., 460.

II. The exception to the admission of evidence to show what matters were examined and determined by the arbitrators is equally untenable. "Parol evidence is not only admissible," says PEARSON, J., in *Brown* v. *Brown,* 4 Jones,

123, "but necessary to show what matters the arbitrators acted on," and the competency of such evidence is reasserted in *Walker* v. *Walker*, 1 Winst., 259.

We do not deem it necessary to protract the decision further. There is no error in the rulings of the court and the judgment must be affirmed; and it is so ordered.

No error.                                          Affirmed.