WILLIAM A. CHEATHAM v. ISHAM C. ROWLAND.

*Arbitration and Award—Pleading—Evidence.*

1. An award duly made upon an arbitration, and performed, constitutes a good plea in bar to a subsequent action for the same cause.

2. Where the defendant pleads in bar of an action that the whole cause of action alleged in the complaint has been the subject of arbitration, and the award performed, and also alleges in his answer that he never had notice of plaintiff's claim until after the arbitration: *Held*, that the answer did not admit that the plaintiff's claim had not been submitted to the arbitrators, and that it was competent for defendant to prove that it had been considered and was embraced in the award.

Civil Action, tried at Fall Term, 1889, of Vance Superior Court, before *Armfield, J.*

This action was brought to recover of the defendant one-fourth of the net proceeds of sales of lumber sawed by plaintiff and the firm of Cheatham & Rowland at their saw-mill between February 27, 1883, and January 1, 1884, said saw-mill being then owned one-half by plaintiff, and the other half by the defendant and A. F. Cheatham, then partners as the firm of Cheatham & Rowland. The amount alleged to be due was $450, with 8 per cent. interest from January 1, 1884, till paid; also for one-half of the proceeds of sale of a house at said mill sold by defendant January 25, 1884, for $30  Plaintiff further claims that the said firm of Cheatham & Rowland dissolved on January 1, 1884, and that on November 23, 1886, partition was made between the members of said firm of the partnership real estate, and that on said last named date, the defendant and said A. F. Cheatham executed a deed in trust on their several shares of the partnership real estate, then divided, to secure and pay their proportionate parts (one-half each) of any debt

then owing by the said late firm of Cheatham & Rowland, whether to plaintiff or any other person. This deed is dated November 23, 1886, and was recorded the same day, and is made a part of the complaint.

The defendant answered, admitting the partnership, but denying the debt, and set up as a bar to the action an arbitration and award and the plea of the three-years' statute of limitations.

Plaintiff replied that the subject-matter of this action was not considered nor passed upon by said arbitrators, and that the deed in trust made a part of the complaint was executed by defendant at, and immediately after, the payment to plaintiff by defendant of the amount awarded to him by said arbitrators to secure the payment to plaintiff and defendant of any and all sums that were still unsettled between them arising prior to said date, November 22, 1886. As to the plea of the statute of limitations, plaintiff replied that the defendant agreed to pay said debt within three years, as appears by the terms and conditions of said deed in trust, and insisted that plaintiff and defendant, being tenants in common of said saw-mill, the statute would not begin to run until after a demand, no demand having been made till September 6, 1888.

His Honor submitted to the jury the following issues, stating that the burden was on defendant, and that if they were found in plaintiff's favor there must be a reference to state the account:

"Has there been an arbitration and award covering the subject-matter of this action or any part of it, and if any part of it, what part?

"Is the plaintiff's cause of action, or any part of it, barred by the statute of limitations, and if any part, what part?"

The defendant introduced the agreement to arbitrate, and the award of the arbitrators, and then introduced Col. T. L. Jones, one of the arbitrators, who stated that all matters

between Cheatham & Rowland, and William A Cheatham, under the agreement to arbitrate, had been passed upon by said arbitrators, and that both plaintiff and defendant were allowed time to produce all claims they might have, one against the other, and that copies of the award were delivered to each of the parties.

Plaintiff objected to this testimony, because, as he insisted, it was admitted in the answer that this claim was not submitted to nor passed upon by said arbitrators, and was never presented to defendant till September 6, 1888.

His Honor overruled the . objection. Plaintiff excepted.

Defendant introduced a receipt from plaintiff to defendant, showing payment of certain sums.

Thereupon, his Honor intimated that upon the evidence submitted, he should instruct the jury to find the first issue in the affirmative. The plaintiff, in deference to his Honor's opinion, took a nonsuit and appealed:

*Mr. T. T. Hicks* filed a brief for the plaintiff.
No Counsel for the defendant.

MERRIMON, C. J.: The very purpose of arbitration and award is to settle, conclude and put an end to disputes, controversies and litigations as to matters and things constituting a cause or causes of action embraced by the agreement to submit them to arbitration. Hence, an award duly made, performed and observed, constitutes a good plea in bar of any subsequent action for the same cause. The law favors such amicable method of adjustment of controversies and will uphold and enforce, by proper means and methods, agreements to arbitrate, and awards when so made. *Patton* v. *Baird,* 7 Ired. Eq., 255; *Osborne* v. *Calvert,* 83 N. C., 365; 2 Greenleaf on Ev., sec. 69; Kyd on Awards, 381.

In this case the defendant, in his answer, pleads in bar of the action that the whole cause of action alleged in the com-

plaint was, by the parties before the action began, made the subject of arbitration; that the arbitrators selected duly considered the subject so submitted to them, and made their award in such respect, which the defendant observed and performed. It was not objected on the trial that the agreement to arbitrate or that the award was in any respect insufficient, or that it was incompetent to show, by proper evidence, that the cause of action was considered by the arbitrators and embraced by the award, but it was contended that "it was *admitted in the answer* that the claim was not submitted to or passed upon by the said arbitrators, and was never presented to defendant till September 6th, 1888." It was insisted that such admission was conclusive upon the defendant, and the Court should not have received evidence to the contrary. If it be granted that this might be so, it is clear that the defendant did not, and did not intend to, make such admission in his answer. So much of the answer as constituted his plea in bar, alleged directly the contrary. What the plaintiff relies upon as such admission, is the simple statement that after the arbitration he had no notice of the plaintiff's claim, as made in opposition to the award, until the time mentioned. This seems to us to be the plain meaning of what is said in the answer, taken in connection with the plea in bar. The language used is: "He further charges that although there had been a settlement of these matters (referring to the arbitration and award), and that plaintiff was given time by the arbitrators to bring in all claims of every description he had against defendant before them, defendant never had any notice whatever of such claim until," &c. The supposed admission was inconsistent with the express allegations of the plea.

The agreement to arbitrate was broad and comprehensive, and it was not contended that it did not embrace the cause of action alleged in the complaint. It was competent for the defendant to prove that it was considered by the arbitra-

tors and was embraced by the award. *Osborn* v. *Calvert,* *supra; Brown* v. *Brown,* 4 Jones, 123; *Walker* v. *Walker,* 1 Winst., 258. The evidence produced went directly to so prove, and there was no evidence to the contrary. The Court was fully warranted in saying that it would instruct the jury to find the first issue in the affirmative

If the plaintiff intended to make one or more breaches of covenant contained in the deed of trust on the part of the defendant a cause or causes of action in this action, he should have so alleged in his complaint. No such cause of action is alleged; the deed of trust is unnecessarily and improperly referred to, and the reference to it is merely redundant matter.

Affirmed.