LEMIRA MAYBERRY, et al., v. ALVIN MAYBERRY, et al.

*Action to Recover Land—Arbitrators—Award—Validity of Award.*

1. Arbitrators need not go into particulars and assign the reasons upon which their award is based.

2. While corruption is good ground for setting aside an award, a mistake of fact is not, unless the arbitrators have made it through undue influence or the fraud of a party.

3. Where a controversy was submitted to arbitration and the arbitrators made their award by a simple announcement of the result, without stating their reasons or the law governing them in their finding, and there was no proof that undue influence was brought to bear upon them or that any evidence was excluded; *Held*, that the award is conclusive upon the parties and will not be set aside.

CIVIL ACTION to recover land, tried before *Greene, J.*, and a jury, at Spring Term, 1897, of WILKES Superior Court.

There was a verdict for the plaintiff and from the judgment thereon defendants appealed.

*Messrs. W. W. Barber* and *Glenn & Manly*, for defendants (appellants).

No counsel *contra*.

FAIRCLOTH, C. J.: This is an action for the possession of land. The defendants pleaded in bar of the action an arbitration and award between the same parties touching the same subject matter. The controversy involved the boundary line between the parties, and that turned upon the question whether the corner was a hickory or a post oak. The evidence was that the arbitrators examined every witness tendered and received every deed offered by either party, both parties being present at the hearing. The award made in 1889 was "that said arbitrators did settle and locate the line in dispute, and by location of said line by the arbitrators the land described in the complaint does not fall on plaintiffs' side of the line but is on defendants' side," and the report of the arbitrators is made a part of this answer and is pleaded in bar of the plaintiffs' right to recover.

The plaintiffs moved to set aside the award in order that they might introduce another deed which they alleged would throw light on the contention, and insist that it would have caused a different award to have been made. There is no evidence that it would have produced such a result. There is no evidence of fraud or collusion on the part of the arbitrators

The defendants asked the Court to instruct the jury "that there is no evidence in this case on the part of either plaintiffs or defendants that the arbitrators refused to examine any witness or deed offered by either party, and this being so and there being no evidence of fraud on their part, their

121—32

decision is binding on the parties and the jury should answer the issue No." The refusal of this prayer was error. His Honor among other things told the jury that "If they should be satisfied that there was such a deed (that would have thrown light on the contention) in existence and it was not before the arbitrators, they should find the issue Yes." That was erroneous. The issue was in these words: "Was the award set up in defendants' answer improperly and unlawfully made?" and was answered "Yes."

Trials by arbitration are favored ·by the law and the Courts, because they are speedy and save costs, untechnical and easily adapted to the minds of laymen. "Arbitrators are no more bound to go into particulars and assign reasons for their award than a jury is for its verdict. The duty is best discharged by a simple announcement of the result of their investigations." *Patterson* v. *Baird*, 42 N. C., 255; *Blossom* v. *VanAmringe*, 63 N. C., 65. Arbitrators are a law unto themselves and may decide according to their views of justice, but if they undertake to make the case turn upon matters of law, and mistake the law, and that appears upon the face of the award their award is void and may be disregarded. *Leach* v. *Harris*, 69 N. C., 532; *Henry* v. *Hilliard*, 120 N. C., 479; *King* v. *Neuse Manufacturing Co.*, 79 N. C., 360. An award speaks for itself and is not open to proof of the "*understanding*" of the arbitrators as to its effect. *Scott* v. *Green*, 89 N. C., 278. Corruption is good ground for setting aside an award, but a mistake is not, unless the arbitrators have made it through undue influence or the fraud of a party. *Patton* v. *Garrett*, 116 N. C., 847.

These principles have been so often announced by this Court, they might now be considered *familiar* learning. In the present case, there being no evidence of undue influence, nor that any evidence was excluded, and the award being a simple announcement of the result, without stating the

reasons or the law governing the arbitrators, the award must be held conclusive and binding on the parties.

Reversed.