S. B. HEMPHILL v. LILLIAN W. GAITHER.

(Filed 15 December, 1920.)

**1. Arbitration and Award—Arbitrators—Named in Alternative—Fraud.**

Where, under a writing agreeing that I., C., or N. go upon the land and locate and establish the dividing line in dispute between the parties, the submission to arbitrate is to any one of the three designated persons; and where one of them acts, going upon the land for the purpose, with the parties to the agreement, and with their acquiescence establishes the line, they are concluded by the award so made, in the absence of fraud, irregularity, or conduct upon the part of the arbitrator which will avoid the award.

**2. Same—Burden of Proof—Evidence—Instructions.**

The burden of proof is on the defendant in the action to show fraud in an award set up in the complaint, and, upon conflicting evidence, a peremptory instruction thereon to answer the issue as to the plaintiff's being estopped in his favor, is reversible error.

CIVIL ACTION, tried before *Webb, J.,* at June Term, 1920, of BUN-COMBE, upon these issues:

"1. Is the plaintiff estopped by the report of J. M. Carver from claiming that part of said land shown on the court map by the lines 1 to 2, 2 to 3, 3 to 4, 4 to 5, 5 to 6, and 6 to 1?   Answer: 'No.'

"2. Is the plaintiff the owner of the land described in the complaint and shown on the court map by the lines A to B, B to C, C, to D, D to E, and E to A?   Answer: 'Yes'."

From the judgment rendered the defendant appealed.

*Mark W. Brown for plaintiff.*
*Fortune & Roberts, Frank Carter, George A. Shuford for defendant.*

BROWN, J.   The complaint alleges a cause of action for the removal of a cloud from the title of land, but the controversy had to do only with a strip some ten or twelve acres in extent claimed by both parties under their contentions as to the proper location of the common·boundary of their adjoining holdings.   The answer alleged *inter alia* the defense of estoppel by arbitration and award.   This defense was attacked in the plaintiff's reply by allegations of mistake and fraud in both the submission and award.

The court instructed the jury that upon all the evidence the plaintiff is not estopped from asserting his rights in this case, and if the jury should believe all the evidence they should answer the first issue "No." To this instruction the defendant excepted.

We are of opinion that the exception is well taken.

It is first claimed that the arbitration is void on its face. The submission was in writing and reads as follows:

North Carolina—Buncombe County.

Whereas, a disagreement has arisen between the parties hereto as to the location of the dividing line between the said parties, and whereas the said parties are desirous of settling said disagreement and location said line.

Now, therefore, it is agreed by the said parties that O. L. Israel, J. M. Carver, or C. H. Neil, County Surveyor, shall go upon the lands of the said parties and locate and establish the dividing lines between said parties and that the line so established by said surveyor shall be the permanent line between said parties. Witness our hands and seals, this the ........ day of May, 1918.

S. B. HEMPHILL,    [SEAL.]
LILLIAN GAITHER,    [SEAL.]

Witness: TELITHA HEMPHILL.

It appears that the two arbitrators, Neil and Israel, did not act, but that Carver did. The submission was not to all three, but to either one. It appears in evidence that Carver acted and that both parties were present and recognized his right to act.

We are of opinion that the submission was not void on its face.

The submission to arbitration being sufficient in form as well as the award made in pursuance thereof, it follows that it is binding upon the plaintiff and is sufficent to prevent a recovery unless successfully assailed for some fraud, irregularity or conduct upon the part of the arbitrator which will avoid the award. The burden of proof was upon the plaintiff to produce this evidence and to satisfy the jury of its truth. The defendant offered evidence in support of her plea. It was testified by the arbitrator and three other witnesses that the award was duly made and that the result was reached by the arbitrator was freely accepted by both parties and that the plaintiff expressed himself as satisfied therewith. The evidence was not all one way and the peremptory instruction of the Court was erroneous: *Smith v. Holmes,* 167 N. C., 561.

There must be another trial.

New trial.