J. N. COE & COMPANY, INC., v. FIRST REALTY AND LOAN COMPANY.

(Filed 13 November, 1929.)

1. **Arbitration and Award E a—In this case held: instruction that award should not be considered by jury was erroneous.**

Where an award is set up in the defendant's answer in an action by the plaintiff to recover for materials furnished the defendant, and the award is attacked for being improperly, unlawfully and unfairly made, and the award was admitted in evidence without objection, a charge of the court to the jury that it could not consider the award is error to the defendant's prejudice, entitling him to a new trial.

2. **Trial E c—Conflicting instructions on a material phase of the case entitles party prejudiced thereby to a new trial.**

Where the trial court gives conflicting instructions upon a material phase of the case it cannot be assumed that the jury followed the correct part of the charge in answering the issue, and a new trial will be awarded on appeal.

APPEAL by defendant from *Moore, J.,* at March Term, 1929, of GUILFORD.

Civil action to recover for work and labor done and materials furnished in erecting buildings on lots in the city of Greensboro belonging to the defendant.

Upon denial of liability and plea of estoppel by arbitration and award, issues were submitted to the jury and answered as follows:

"1. Was the award set up in defendant's answer improperly, unlawfully and unfairly made? Answer: Yes.

2. Is the defendant indebted to the plaintiff, and if so, in what amount? Answer: Yes, $17,981.55, with interest until paid from 20 August, 1927.

3. Is the plaintiff indebted to the defendant, and if so, in what amount? Answer: Yes, $1,301.44, with interest from date of obligation until paid.

4. Did the plaintiff file its notice and claim of lien within six months from the furnishing of the last labor and material used in the construction of the buildings on the property referred to in the complaint, as therein alleged? Answer: Yes."

Judgment on the verdict, from which the defendant appeals, assigning errors.

*A. C. Davis and Frazier & Frazier for plaintiff.*
*Hoyle & Harrison, J. S. Duncan, King, Sapp & King and Sidney S. Alderman for defendant.*

STACY, C. J. The following excerpt, taken from the charge, constitutes one of the defendant's exceptive assignments of error:

"What that award is, as to the amount, gentlemen, is not before you, because it might be some evidence, or control or prejudice you in some way. As to the way they decided the matter isn't for you at all. You are to decide it under the instructions of the court, and from the evidence in the case."

The submission, which is the basis of every arbitration and award, being sufficient in the instant case, both in substance and in form, as well as the award made in pursuance thereof, and the latter having been offered in evidence without objection, we think it was error on the part of the trial court to withdraw the award from the consideration of the jury. *Mayberry v. Mayberry,* 121 N. C., 248, 28 S. E., 349; *Moore v. Gherkin,* 44 N. C., 73.

If an unquestioned arbitration and award be valid as an estoppel when properly pleaded and proved, it would seem to follow as a necessary corollary that it must be competent as evidence to establish such

defense. *Williams v. Mfg. Co.,* 154 N. C., 205, 70 S. E., 290, *S. c.,* 153 N. C., 7, 68 S. E., 902; *Geiger v. Caldwell,* 184 N. C., 387, 114 S. E., 497; *Hemphill v. Gaither,* 180 N. C., 604, 105 S. E., 183; 2 R. C. L., 388.

It is true that in other portions of the charge, the award is treated as properly being in evidence, but whether it was considered or discarded by the jury in answering the first issue, we are not able to say. Where there are conflicting instructions with respect to a material matter, a new trial will be granted, as the jury is not presumed to know which one of the two states the law correctly, and we cannot say that the erroneous instruction was not followed. *S. v. Falkner,* 182 N. C., 793, 108 S. E., 756; *Edwards v. R. R.,* 132 N. C., 99, 43 S. E., 585.

There are other exceptions appearing in the record, worthy of consideration, but as the questions presented thereby are not likely to arise on another hearing, we shall not consider them now.

New trial.