## J. B. ALLISON v. D. G. BRYSON.

Referees appointed by an order of Court need not have a formal or written notice of their appointment. It is sufficient that they are appointed, meet and make an award.

A reference may be made, by consent of the parties, to persons who are interested in the subject matter of the suit. *Quere* whether it would make any difference if the parties or either of them were ignorant of the fact of interest in the referees ?

Referees are not obliged to report the evidence upon which their award is founded.

An exception to an award that it is contrary to law is too indefinite. In the absence of fraud, or the mistake of law, where they intend to decide according to law and mistake it, the arbitrators are a law unto themselves.

This was an action of debt, commenced prior to the adoption of the Code of Civil Procedure, which after issue joined upon the defendant's pleas, was, by an order of Court, referred in the following terms: "This cause, together with all other matters in difference between the parties, is referred to J. Keener and J. Ramsay Dills, with leave to choose an umpire and their award, or that of a majority of them, to be a rule of Court."

At the Spring Term, 1870, of JACKSON Superior Court, before his Honor, *Cannon, J.*, the referees returned an award in favor of the defendant, to which the plaintiff filed the following exceptions:

1st. Because the award was made by the referees when they had not been notified of the order appointing them, and were ignorant of the terms of the reference.

2nd. Because the referees took into consideration items of account on both sides, which were foreign to the object of the reference in this case.

3rd. Because J. Keener, one of the referees at the time the case was heard before them, was a party interested in the settlement of the matter in difference between the parties,

and that the matter ought not to have been referred to him.

4th. Because the referees have not reported to the Court the evidence on which their award is founded.

5th. Because the award is contrary to law.

His Honor overruled the exceptions, confirmed the award and gave a judgment for the defendant, from which the plaintiff appealed.

*Phillips & Merrimon* for the plaintiff.

No counsel, *contra.*

READE, J. The first exception is overruled. There was no necessity that there should have been any formal or written notice to the referees of their appointment. It is sufficient that they were appointed and met and had the parties before them and made their award.

2. The second exception is overruled. There are no facts found to sustain it. If the facts had been found to be as stated in the exception, that the referees passed upon matters not referred to them, the exception would have been sustained.

3. The third exception is overruled. The fact is not found to be true as alleged, that one of the referees was interested in the subject matter of the reference; but if it were true it would make no difference; because the reference was by the parties, and the parties may refer their disputes to interested persons if they choose to do so. It is not alleged that the reference was made in ignorance of that fact, if indeed that would make any difference.

4. The fourth exception is overruled. Referees are not obliged to report the evidence upon which their award is founded.

5. The fifth exception is so vague that we are unable to appreciate it; it is not specified in what the award is contrary to law. In the absence of fraud or the mistake of law where

they intend to decide the law and miss it, arbitrators are a law unto themselves. *Jones* v. *Frazier*, 1 Hawks, 379.

No error.

PER CURIAM.                                    Judgment affirmed.