JAMES LEACH v. H. J. HARRIS.

Although arbitrations are favored in law as being a court selected by the parties, and a cheap and speedy method of settling difficulties; and although awards are to be liberally construed so as to effect the intention of the arbitrators, without regard to technicalities or refinement, yet it is well settled that where the arbitrators undertake to make the case turn upon matters of law, and mistake the law, their award is void.

It is equally well settled that arbitrators are not bound to decide a case "according to law," being a law unto themselves, but may decide according to their notions of justice, and without giving any reasons.

(Case of *Ryan* v. *Blount*, 1 Dev. Eq. 386, cited and approved.)

CIVIL ACTION, commenced by summons before a Justice of the Peace, on the 4th day of September, 1871, and removed to the Superior Court of DAVIDSON county, where it was tried before *Cloud, J.*, at Spring Term, 1873.

Plaintiff demanded judgment on three promissory notes, given by defendant to the trustees of Normal College, 23d August, 1858; one for $18, payable eighteen months after date, and the two others for $16 each, payable six and twelve months from date; notes expressed to be for value received, and were not sealed, nor indorsed.

The defence was, that there was a failure of consideration; that there had been an arbitration of the subject matter between plaintiff and defendant, and an award in favor of defendant, and the statute of limitations.

On the issue as to the award, the defendant offered evidence tending to show that the parties, plaintiff and defendant, had agreed to arbitrate the claims of plaintiff on these notes; that plaintiff selected one man and defendant another, and that the four then went to a place of meeting agreed 'upon; that plaintiff produced an arbitration bond, which he had prepared, and proposed that the defendant should sign the same, which he declined to do; that they then agreed to dispense with the bond, and one of the arbitrators proposed to the other, to select an umpire, which was

done in the presence of both plaintiff and defendant, and not objected to by either.

The arbitrators on the 12th August, 1871, heard the statements of the parties, and decided that the plaintiff could not recover on the notes, for the reasons: first, because the notes were not legally assigned to plaintiff; and second, because there was such a failure of consideration, that neither the plaintiff, nor the trustees of the Normal College could recover on the same. The notes were returned to plaintiff, that he might pursue his remedy against the trustees, to whom he had paid value for them. All this was done by parol, and for the defendant evidence was offered tending to prove that the plaintiff assented and agreed that the award need not be reduced to writing.

Defendant further offered in evidence a paper, purporting to be an award between the parties on the same subject matter, (the finding and reasons being substantially the same as is above set forth,) dated 28th of September, 1871, which was after the trial before the Justice of the Peace. The introduction of this paper being objected to, because it was written and delivered since that trial, the defendant obtained leave to amend the pleadings, so that the same might be pleaded as "an award since the last continuance," and in support of the plea, read the award.

For the plaintiff, there was evidence showing that he had agreed to arbitrate the matter; that each of the parties selected one man, and at their meeting, he proposed to sign an arbitration bond, which defendant refused to do; that the parties had some further conversation about the matter in dispute, but that he, the plaintiff, did not consent to an arbitration, nor know that one was had.

On the trial the plaintiff insisted:

1st. That to constitute an award, the terms of the arbitration and the names of the arbitrators should appear by the proof to have been agreed on, and there was no proof

of the submission of the matter in dispute to the three persons who acted, or to the two who did, with leave to choose a third man.

2nd. That the two first named as arbitrators had no legal power to select an umpire upon their own motion, unless that authority had been expressly given to them by agreement of plaintiff and defendant.

3d. That the appointment of such umpire should be in writing, or should appear in the award to have been made by the arbitrators or the parties.

4th. That the award should be in writing, and made known to the parties.

5th. That the arbitrators were *functus officio*, after their action on the 12th day of August, and could not afterwards make an award, viz: after the trial before the Justice, on the 28th September, 1871.

6th. That the authority of the arbitrators to act was revoked by the act of the plaintiff, in beginning a suit, by issuing a summons, 4th September, 1871, which was served on the defendant, and of which the arbitrators, as appears in the proof, had notice before their award was written or delivered.

7th. That neither the parol award nor the written award was a good defense; because it appeared that the arbitrators undertook to decide the question in dispute according to law, and they erred in law in the only two reasons given in support of their award, to-wit: As to the assignment and the consideration of the notes sued on.

The Court charged the jury that if it was agreed to refer the matter to arbitrators, each to select a man, and one of the arbitrators suggested an umpire, and the plaintiff assented to the umpire, he is bound by the award; that the plaintiff had the right to recover unless there was a good award, and that depended whether the plaintiff assented to the third man; that although the arbitrators attempted to

decide according to law, and mistook the law, yet as · there was an issue of fact submitted to them, to-wit: As to the consideration of the notes as well as the question of law, their award would bind the parties. His Honor held, that if the evidence was believed, one of the notes was not barred by the statute of limitations, and that there was no failure of consideration.

The jury found all the issues in favor of the defendant. Rule for a new trial; rule discharged. Judgment against the plaintiff for costs, from which plaintiff appealed.

In support of the defense of a failure of consideration, there was evidence tending to show that the notes were given to the trustees of Normal College, in consideration that the College would erect another building; that defendant owned land at or near the College; that the building had never been erected, though some brick had been obtained for the purpose in 1870, and the same is now in process of construction. There was further evidence tending to show that the consideration of the transfer to the plaintiff of the notes before they were due, was the purchase from him of additional land to add to the College *campus.*

*Bailey,* for the plaintiff, argued:

That the main point is, that the arbitrators attempted to find the law and missed it.

When this is the case, the law is well settled that the award will be set aside on the ground that as the arbitrators show that they intended to find according to the law, and have failed therein, it is not the award they intended.

The authorities upon this are abundant: *Kent* v. *Estop,* 2 East 18; *Young* v. *Walter,* 9 Ves. Jr. 365; (2nd opinion) *Ryan* v. *Blount,* 1 Dev. Eq. 386; *Pierce* v. *Perkins,* 2 Dev. Eq. 250: *Crissman* v. *Crissman,* 5 Ired. 502.

(1.) The plaintiff is a purchaser of negotiable paper *before*

*due*, and therefore any supposed equity of Harris as to failure of consideration is, by the express terms of sec. 55, C. C. P., as well as former law, not binding on him.

(2.) The debt was transferred to him by virtue of his purchase, and he is the only real party in interest.

His Honor stated the law, we submit, "exactly wrong." If a "dry question" of law be submitted, no mistake in the arbitrators will be available as a defence *ex gr.*, whether a limitation of a use to A until B return from Vienna, and upon such return to the use of C in fee, limits to C a contingent remainder or a conditional limitation? And it is only where there is a mixed question of law and fact that the award can be held for nought as *ubi supra*.

No counsel in this Court for defendant.

READE, J. The objections insisted upon in this Court by the plaintiff, arise out of the award, and we therefore confine our review to them.

The defendant gave his notes to Normal College for $50, under a promise on the part of the College, that it would put up a College building near the lands of the defendant, which it was supposed would benefit the defendant, by reason of the enhanced value of his adjacent lands. The College did not put up the house, but sold the notes to plaintiff, before due, and transferred them by delivery without indorsement. The plaintiff demanded payment of the notes, and the defendant insisted that he ought not to pay them, because the College had not built the house according to promise, and because the notes had not been indorsed to plaintiff. And the matter in dispute was referred to arbitration. The arbitrators decided that the defendant "does not owe the said notes or any part of them to the said Leach, or Trustees of Normal College, by reason of failure of consideration promised when said notes were obtained of said

Harris; nor to said Leach, because it does not appear that said notes, or any one of them had been legally transferred to said Leach."

The plaintiff insists that it appears from the award that the arbitrators undertook to decide two questions of law; and decided them wrong, and that, therefore, the award is void.

Although arbitrations are favored in law, as being a Court selected by the parties, and a cheap and speedy method of settling controversies, and although they are to be liberally construed so as to effect the intentions of the arbitrators without regard to technicalities or refinements, yet it is well settled that where the arbitrators undertake to make the case turn upon matters of law, and mistake the law, the award is void. The reason is, that while it can be seen what their conclusion is, the law being as they suppose it to be, yet it is not seen what their conclusion would have been if they had known the law to be otherwise. Indeed, as they profess to have been guided by the law, and were misled in one direction, it may be assumed that they would have gone in the other direction, if they had known that the law was there. *Kent* v. *Estop*, 3 East, 18; *Young* v. *Waller*, 9 Vesey, Jun. 365; *Ryan* v. *Blount*, 1 Dev. Eq., 386, and other cases cited by plaintiff's counsel are satisfactory authorities upon that point.

It is equally well settled that arbitrators are not bound to decide a case "according to law." For they are a law unto themselves, and may decide according to their notions of justice, and without giving any reasons.

The first question for our consideration is, did the arbitrators intend to be guided by, and decide the case according to law?

The defendant said he did not think that he ought to be compelled to perform his promise to pay the notes, because the college had not performed its promise to build the

house; and the arbitrators say they think so too. But whether they think so as a matter of law, morals or religion, they do not say; and therefore we cannot say that they undertook to decide a question of law, and missed it.

Again, the defendant insisted that there had been no legal transfer of the notes to the plaintiff. And the arbitrators determine that there had been no "legal transfer." Now if the arbitrators found that there was no transfer at all, of course that was decisive against the plaintiff. But we supposed that the proper construction of what they say is, that they find that the mere delivery without an endorsement, was not a *legal* transfer. Now if they had gone further and said that because there was no *legal* transfer, they determined, as a matter of law, that the plaintiff could not recover of the defendant, either in law or equity, and that they must be governed by the law; then the question would arise whether they decided the law right. But they say no such thing. On the contrary, they say that there is no *legal* transfer of the notes to the plaintiff, and therefore the law does not compel us to allow him the notes, but leaves us free to decide according to our notions of right and justice. And so, according to our notions, it being unjust to make the defendant comply with his promise when the College has not complied with its promise, we decide that the defendant does not owe the College or the plaintiff anything.

The plaintiff objects that his Honor erred in charging the jury, that "although the arbitrators attempted to decide according to law, and mistook the law, yet as there was an issue of fact submitted to them, to wit: as to the consideration of the note, as well as qestions of law, their award was good." The authorities already cited do show that his Honor was mistaken in the *reason* which he gave in holding the award good. But still he was right in the main point, to wit: that the award was good. No error.

IAM. Judgment affirmed.