VIRGIL S. LUSK, assignee *v.* E. CLAYTON.

The effect of a reference to arbitrators is very different from that of a reference under the Code. Arbitrators may choose an umpire; they are not bound to find the facts separately from their conclusions of law; they are not bound to decide according to law; and their award may be general, thus "that plaintiff recover $—— and costs.

An agreement that an award shall be a rule of Court, is merely an agreement to confess judgment according to the award, when it shall be made. If the parties refering their matters in controversy, have no suit in Court, the Court will not compel a performance of their agreement by attachment, as it will if the subject matter has been brought in Court by suit or otherwise.

(*Leach* v. *Harris*, 69 N. C. Rep. 532; *Alexander* v. *Burton*, 1 Dev. & Bat. 469; *Cunningham* v. *Howell*, 1 Ired. 469; *Ryan* v. *Blount*, 1 Dev. Eq. 382, cited and approved.)

CIVIL ACTION, tried at the July (Special) Term, 1873, of the Superior Court of BUNCOMBE county, before his Honor, *Albertson, J.*, a jury trial having been waived.

The plaintiff, assignee in bankruptcy of B. I. & I. B. Alexander, surviving partners of Patton & Alexander, brings this action against the defendant, Ephraim Clayton, to recover the sum of $579.01, the amount of a store account, made with said Patton & Alexander.

At Spring Term, 1873, of Buncombe Superior Court, "*It was ordered* by the Court, with the consent of the parties, that all the matters of difference in this case, be referred to E. I. Alston and A. T. Summey, with authority to choose an umpire in case of a disagreement, and their award or the award of the umpire, is to be a rule of Court." The cost of the reference, &c., to be under the direction of the said arbitrators.

At the next ensuing Term, July (Special) Term, 1873, the arbitrators return a report, substantially as follows:

I. We find as matters of fact:

That B. I. & I. B. Alexander were the surviving partners of the firm of Patton & Alexander; that James A. Patton was the deceased member of said firm; that the surviving members of the firm went into voluntary bankruptcy, and that the plaintiff herein, is their assignee.

II. That one James W. Patton was before and during the time, embraced in making the account sued on, indebted to the defendant in this action, E. Clayton, largely in excess of the account, the basis of this suit; and that there was an agreement or understanding between said James W. Patton, E. Clayton, the defendant, and James A. Patton, of and representing the firm of Patton & Alexander, to the effect, that Clayton, the defendant, should make this account sued in this action, and that it should be charged to James W. Patton, so

long as the amount was less than the sum James W. Patton owed the said Clayton.

III. That said account was thus settled, although the same does not appear to have been charged on the books of the firm to James W. Patton, or credited to the defendant, E. Clayton; and that in our opinion nothing is due from the defendant to the plaintiff in this action.

IV. We therefore award, that the defendant have judgment for his costs in this behalf expended, and that he be hence discharged and go without day.

We further report, that we have been occupied about the adjudication of this matter, three days.

(Signed)                      E. I. ALSTON,
                              A. T. SUMMEY,

Asheville, N. C., July 31st, 1873.            *Referees.*

At the same term, the plaintiff excepted to the foregoing report, assigning as reasons:

1. Because the arbitrators, (or referees,) make an *award,* when by the terms of the order of Court, they were referees;

2. That the fact of the agreement upon which they base their judgment, is stated too indefinitely to authorize a judgment.

3. That the legal conclusion in the report is erroneous.

4. That the report is uncertain and vague.

These exceptions were overruled; the report confirmed, and judgment in accordance therewith; from which judgment plaintiff appealed.

*A. T. & T. F. Davidson,* for appellant.

I. The arbitrators do not distinctly find the facts, such as will authorize a judgment and be conclusive in the matter. *Gibbs* v. *Berry,* 13 Ired. 388; *Patton* v. *Baird,* 7 Ired. Eq. 255; *Cannady* v. *Roberts,* 6 Ired. 422.

2. That even if the alleged agreement with James A. Patton and J. W. Patton was made, it was unauthorized, and the other parties were not bound. Collyer on Partnership, sec-

tions 196, 421, 439, 440, 473 (2), 483, 501. *Long* v. *Carter*, 3d Ired. 238 ; 6 Jones Eq. 49 ; 2 Haywood 393 (590.)

3. The burden of showing assent of the other partners is on the defendant. Note 1 to sec. 501, Collyer on Part.

*J. H. Merrimon*, contra, argued :

It is well settled that arbitrators are not bound to decide a case according to law, for they are a law unto themselves and made to decide according to their notions of justice, and without giving any reasons. *Leach* v. *Harris*, 69 N. C. 537.

Arbitration and reference distinguished. *Hilliard and wife Rowland, adm'r.*, 68 N. C. R. 508.

An award must have upon its face certainty to a common intent or it will be void. The award must be such as a judgment can be entered upon and which will settle all the matters referred to. *Carter* v. *Carson*, 64 N. C. 332; *Harralson*, v. *Pleasants*, Phill. 366.

Rodman, J. All or any of the issues in an action may be referred by consent of the parties, C. C. P. sec. 244. The referees must state the facts found; and the conclusions of law separately. Their report as to the facts has the effect of the verdict of a jury, sec. 248. We do not think that it was intended by these sections to deprive parties of the right to refer all or any matters in controversy to arbitrators, with power to make an award, which should be a rule of Court. The parties can undoubtedly make such a reference, and the only question possible would be, whether the Judge would recognize the award, and make it a rule of Court, enforceable by its process, or leave the parties to their action on the arbitration bond or other like remedy. We cannot suppose it was intended to abolish so useful a mode of adjusting rights by indirection, and we think that the power to make an award a rule of Court still exists as incidental to every Court under its power, to enter judgment by confession. *Leach* v. *Harris*, 69 N. C. Rep. 532.

An agreement that an award shall be a rule (or judgment) of Court, is merely an agreement to confess judgment according to the award when it shall be made. If such agreement be made by persons having no suit in Court, respecting the matters referred, a Court (in this State at least) will not compel performance of the agreement by attachment, because the parties have not put themselves under its jurisdiction, but will leave them to their remedy by action on the agreement. *Alexander* v. *Burton*, 1 D. & B. Eq. 469. If, however, such an agreement is made between the parties to a suit, the Court having jurisdiction over the persons, and the subject matter will compel the parties, by attachment, to perform the agreement, by confessing judgment according to the award ; or, as a more direct way to the same end, will (in this State at least) enter judgment according to the award. *Cunningham* v. *Howell*, 1 Ired. 9.

The effect of a reference to arbitrators, is very different from that of a reference under the Code. Arbitrators may choose an umpire; they are not bound to find the facts separately from their conclusions of law; they are not bound to decide according to law. Their award may be entirely general, as for example, that plaintiff recover $—— and costs, or that defendant go without day, &c., *Leach* v. *Harris, ante.* Ordinarily, if their award be within their powers, and unaffected by fraud, mistake, surprise, or irregularity, the Judge has no power over it, except to make it a rule of Court, and enforce it according to the course of the Court.

If, however, the arbitrators think proper, they may find the facts, and the law separately. And as it thus appears that they intended to decide according to law, if they clearly mistake the law, the Judge may set aside the award, and perhaps in some cases give such judgment as they ought in law to have given. Morse Arb. & Award, 292. *Boston Water Power Co.* v. *Gray*, 6 Metc. (Mass.) 131 ; *Ryan* v. *Blount*, 1 Dev. Eq. 382 ; *Leach* v. *Harris, ante.*

We think it clear that in the present case the reference was

to arbitrators to make an award. The only part of the award which we think it material to refer to, is this. The arbitrators find that during the time in which the defendant was running up the account sued on, James W. Patton (not a member of the firm of Patton & Alexander) was indebted to the defendant in an amount larger than that sued for, and it was agreed between J. W. Patton and the defendant, and James A. Patton (a member of the firm) that defendant should buy goods from the firm from time to time, and that they should be charged to J. W. Patton. Under this agreement the goods sued for were purchased. The arbitrators award that defendant go without day, &c. It is objected that the conclusion of law is not supported by the facts. We think it is. It did not appear that Patton, the partner, had any interest in the debt from J. A. Patton to the defendant, or that he was acting in any way for his individual advantage. Surely one partner may sell goods of the firm to one person on the credit of another. Nothing is more common.

