NEWTON CRAWBORD v. JASON ORR.

*Arbitration and Award.*

1. Delivery of a copy of an award to the parties is not necessary where the submission contains no such stipulation, and where the parties were present when it was signed, and understood its provisions.

2. Where the agreement was to refer the matter in dispute "to two disinterested men together with A as surveyor, with privilege to call in a third party," &c.; *Held* that the reference is to two arbitrators only, with liberty to call in another, and the surveyor is designated to aid and not to *act* as one of them.

3. An award which fixes with accuracy the terminal points of a disputed line between adjacent land owners, and its course and distance, is not obnoxious to the allegation of uncertainty. A simple response to the inquiry submitted, in analogy to a jury verdict, is sufficient.

4. Submission and award constitute an executory agreement, and certainty to a common intent is all that is required in the award to admit of its specific enforcement.

5. Only such evidence as will enable this court to pass upon the ruling to which exception is taken below, should be set out in the case.

(*Baird* v. *Baird*, 7 Ired. Eq., 265; *Osborne* v. *Calvert*, 83 N. C., 365; *State* v. *Secrest*, 80 N. C., 450; *Murray* v. *Blackledge*, 71 N. C., 492; *Thompson* v. *Deans*, 6 Jones Eq., 22, cited and approved.)

CIVIL ACTION to recover possession of land tried at Fall Term, 1880, of HENDERSON Superior, before *Gilmer J.*

Verdict and judgment for defendant, appeal by plaintiff.

*Messrs. J. H. Merrimon* and *J. J. Osborne,* for plaintiff.
*Messrs. Jones & Martin,* for defendant.

SMITH, C. J.   The defendant sets up as a defence to the plaintiff's action, an award made establishing the boundary line between their respective tracts of land, over which he has not trespassed, and the appeal brings before us certain assigned errors in the rulings of the court in respect to the award.   The agreement of submission is in these words:   "We, the undersigned, having a matter in dispute with reference to the location of the proper line between our lands, have this day agreed between ourselves to refer the matter to two disinterested men, together with A. L. Patterson, as surveyor, with the privilege of calling in a third party in case they fail to agree.   Each of us obligate ourselves to furnish the referees with all our land papers bearing on the disputed piece of land.   We further bind ourselves to furnish the necessary evidence in the case and bear the expenses of the referees and surveyor, equally, and forever abide the decision of the said referees chosen." (Signed by the plaintiff and defendant on the 17th of March, 1879, in presence of a witness.)

The referees (as to whose appointment and action in executing the submission no objection is taken) made their award in the following terms:   " We the arbitrators selected by Newton Crawford and Jason Orr to settle the disputed boundaries of their adjoining lands, after having examined the papers of each and viewed the boundaries of said land with a competent engineer, said engineer running the lines as called for by the papers of said Crawford and Orr, find the following facts apparent to our minds in the case, as

follows: That the line from east to west begins nine rods north, eleven degrees east from a spanish oak, a corner in J. M. Davis' line, running two hundred and fourteen poles west to a black gum, a corner in C. M. Green's and Crawford's line." (Signed by Wm. J. Johnson and A. Cannon on the 24th of March, 1879.)

On the trial the arbitrators and other witnesses were examined touching the proceedings before the former in executing the reference. The plaintiff asked the following instructions to the jury:

1. It was necessary in order to render the award binding upon the plaintiff, to show that it was made known and delivered to him.

2. The award is defective and does not pursue the submission, in that, two only of those upon whom the duty devolved have signed the same.

3. The award is upon its face uncertain and void.

The court declined to give the two last instructions, and in reference to the first charged the jury that in order to make the award binding on the plaintiff, it must be shown that it was made known to him, but that if they believed he was present, saw it signed, and fully understood its purport, and that such was the decision of the arbitrators and he assented thereto, it was not necessary to its validity that a copy should be delivered to the plaintiff.

The errors assigned and appearing in the record are in the refusal to give the proposed directions, and in the charge given, and these only are reviewable upon the appeal.

I. The submission in terms contains no stipulation for the delivery of the award when made to either party, and therefore such delivery is not essential to its efficacy. It is sufficient if the parties were present when it was agreed on and signed by the referees, and they then fully understood its provisions. If either desired a copy, it should have been demanded, and we are not to assume it would not have

been furnished. The omission is the fault of the party, and cannot impair its force and obligation. Indeed, remarks an eminent writer, "it is not necessary that the party should have a copy to be bound to perform it, for it lies as much in the knowledge of one party as the other," unless it is provided in the submission "that the award shall be notified to the parties." Watson on Arb. & Aw., 133. It is not necessary, says a recent author, that a copy of the award should be furnished to each party if neither the submission nor the statute under which the submission is made, requires such delivery. Morse on Arb. & Aw., 280. If the defect relied on is the failure to deliver a copy within the time prescribed in the agreement, to be availing under the old rules of pleading, the fact must be specifically averred, and a general denial is inadmissible. *Ibid.*, 284. The charge of the court, that if the award was fully understood by the plaintiff, present at the making of it and assenting thereto, it would be valid without the additional fact of a delivery of a copy, is quite as favorable to the appellant as he can require, and is not obnoxious to objection from him.

II. The reference is to two arbitrators only, with liberty in case of disagreement to all in another. This is the manifest meaning of the parties, and the proper interpretation of their contract. They agree "to refer to *two disinterested men* together with A. L. Patterson, *as surveyor*." The association of the surveyor designated is obviously that the arbitrators may have his particular professional services and advice in prosecuting the investigation of the disputed boundary, and in making the necessary surveys to enable them to settle the controversy and to run and mark the lines when determined. It is in this capacity only that he is designated to aid the referees, not to act as one of them, in the performance of their prescribed work. If they fail to agree, it is a "*third party*" who is to be called in to make the decision, and the expenses of the "referees and surveyor"

are to be paid by the parties, equally, and each binds himself "to abide the decision of the said referees chosen," thus plainly separating and distinguishing the referees from the surveyor who aids them. The award therefore properly comes from the hands of those who alone under the agreement were authorized and required to act in making it.

III. The alleged defects in the award : The law does not require that the award shall in direct terms declare a compliance with the conditions essential to its validity. This will be assumed when the contrary does not appear, and any material departure from the terms of submission must be shown by him who alleges it and seeks to be relieved from its operation. Morse on Arb. & Aw., 446. Indeed the award should, as far as practicable and without needless recitals, be a simple and succinct respose to the enquiry involved in the reference, in analogy to a jury verdict, and this is all that is needful to its validity. *Baird* v. *Baird,* 7 Ired. Eq., 265; *Osborne* v. *Calvert,* 83 N. C., 365. The imputation of uncertainty finds as little support in the instrument. It appears upon its face to fix the terminal points of the line and its course and distance between the two with entire accuracy. It begins at a point north eleven degrees east nine rods distant from "a spanish oak, a corner of J. M. Davis' line," runs thence west two hundred and fourteen poles, and ends at "a black gum, a corner of C. M. Green's and Crawford's line." If those objects can be found, it is difficult to conceive how the description could be rendered more definite; and if they cannot be located, the difficulty is not in the insufficiency of the descriptive words, but it fitting them to the objects described.

It was earnestly pressed in the argument that as no evidence is set out to warrant the instruction given as to the plaintiff's presence and personal knowledge of the award at the time of its rendition, the omission entitles the plaintiff to a taken new trial. This exception does not appear to have been

in the court below, and cannot be entertained on the appeal. We must assume there was such evidence, as no complaint was then made of the charge in this respect, and no evidence should be set out except such as tends to elucidate and enable us to determine the correctness of some ruling to which exception is taken. *State* v. *Secrest*, 80 N. C., 450.

If then the award is valid and sufficient to establish the boundary line between the tracts, its effect is, as to so much of the land as is not covered by the defendant's previous title, to vest in him the equitable estate sufficient to defeat the present action, as is decided in *Murray* v. *Blackledge*, 71 N. C., 492, and entitling him to a conveyance of the legal estate in a suit for specific performance. *Thompson* v. *Deans*, 6 Jones Eq., 22.

It was insisted in the argument for the appellant that an award operated only as an estoppel, and the utmost certainty in its terms is required. This is not the view taken in the case cited last, and the submission and the award together are held to constitute an agreement executory in its nature, and the court say, "that "certainty to a common intent is all that is required in an award," to admit of its specific enforcement.

There is no error and the judgment must be affirmed.

No error. Affirmed.