AMOS LASSITER v. SAMUEL UPCHURCH et al.

*Administration—Heirs at Law—Claims Against an Estate— Effect of a Reference Between Claimant and Administrator— The Code—Constitution—Trial by Jury.*

1. An agreement to arbitrate, and the award, under section 1426 of *The Code,* is competent evidence to prove the indebtedness of an estate.

2. An agreement to arbitrate, and an award, under section 1426 of *The Code,* between the claimant and the administrator, where there is -no fraud or collusion, is binding upon the heirs at law, even though they were not parties to the proceedings.

3. In a proceeding by an administrator to make assets to pay the debts of the estate, heard upon issue raised and appeal from the Clerk of the Superior Court, the defendant's heirs at law offered to show that a claim adjudged to be a debt against the estate by the arbitrators to whom the matter had been referred under section 1426 of *The Code,* was not, in fact, a valid debt: *Held,* (1) that the finding of the arbitrators was binding upon the heirs, though they were not parties to the proceedings; (2) it is equivalent to a judgment; (3) such proceedings could only be impeached for fraud or collusion.

4. The admission of this agreement and award in evidence, and making them conclusive upon the heirs, does not deprive them of their right of trial by jury. They exercised that right in this action, and this decision relates merely to the force and effect of the evidence introduced to establish and disprove it.

This was a special proceeding, commenced before the Clerk of the Superior Court of WAKE County, against the defendants, heirs at law of George Fuller, deceased, to sell land to make assets to pay debts, and brought up, on issues of fact joined, to be tried in the Superior Court of said County, and tried before *Armfield, J.,* at October Term, 1889, of said Court.

The plaintiff alleged the existence of a debt due from his intestate to Mary Barbee, the want of personal assets, and the necessity for the sale of land to make assets to pay, &c.

Some of the defendants answered, admitting the allegations of the complaint, and the defendants Samuel Upchurch and Peter Olive answered, denying the allegations, and the following issues were joined and submitted:

" 1. Did the decedent owe the debt alleged to Mary Barbee?

" 2. Were there personal assets which the administrator received, or ought to have received, applicable to said debt? And if so, what amount? "

To prove the alleged indebtedness of the intestate, the plaintiff put in evidence an agreement, in writing, with the claimant to refer the matter in controversy to three referees, in accordance with the provisions of section 1426 of *The Code,* and also the award of the referees. This evidence was objected to by the defendants. The objection was overruled, and the defendants excepted.

The plaintiff then testified, in substance, that no personal estate of the intestate came into his hands, except what was laid off to the widow of the intestate as her year's support, and that there was not a sufficiency of personal property for her year's support, but a large deficiency, as appeared by the record.

The defendants then offered evidence tending to show that the debt allowed by the referees against the plaintiff, as administrator, was, in fact, not a valid debt against the estate of his intestate. The plaintiff objected, and the Court held that unless the defendant had some evidence tending to show fraud or collusion between the plaintiff and the referees, or some fraud on the part of the plaintiff in regard to the debt, this evidence would be incompetent, and the defendants admitting that they had no such evidence, the Court excluded the evidence, and defendants excepted.

Under the direction of the Court, there was a verdict for the plaintiff. There was a judgment for the plaintiff, and defendants appealed.

*Mr. R. W. York*, for plaintiff.
*Mr. W. J. Peele*, for defendants.

DAVIS, J.: Two questions are presented by the record for the consideration of this Court: 1. Was the agreement to refer, under section 1426 of *The Code*, with the award of the referees, competent evidence to prove the indebtedness of the intestate; and 2. In absence of fraud or collusion, could the defendants, admitting that there was no fraud or collusion, show that the debt allowed by the award of the referees against the plaintiff administrator was, in fact, not a valid debt against the estate of his intestate.

*The Code*, § 1426, authorizes the administrator to agree, in writing, with one who has a claim against the estate of his intestate, " to refer the matter in controversy, whether the same be of a legal or equitable nature, to one or more disinterested persons, not exceeding three, whose proceedings shall be the same in all respects as if such reference had been ordered in an action.

Such agreement to refer, and the award thereupon, shall be filed in the Clerk's office where the letters were granted, and shall be a lawful voucher for the personal representa-

tive. The same may be impeached in any proceeding against the personal representative for fraud therein.

If it was competent for the plaintiff to prove the indebtedness of his intestate, as it undoubtedly was, we are unable to see upon what principle the evidence was incompetent, and we think his Honor below was clearly right in admitting the evidence.

The force and effect of the reference, and award of the referees, presents a question not so easy of solution.

The proceedings of the referees "shall be the same in all respects as if such reference had been ordered in an action," and their award is to be filed in the Clerk's office, "and shall be a lawful voucher." The trial by referees ordered in an action "shall be conducted in the same manner as a trial by the Court."

Shall their award have the same force and effect? In a reference ordered by the Court, "the report of the referees upon the whole issue shall stand as the decision of the Court, and judgment may be entered thereon upon application to the Judge." *The Code,* § 421.

It is insisted by counsel for the defendants that the submission to arbitration and the award constituted only an executory agreement (*Crawford* v. *Orr,* 84 N. C., 246), and had no more binding force, as against the heirs, than would a recognition of the debt and promise to pay by the administrator. However that may be in ordinary submission by parties to arbitration, we think that section 1426 of *The Code* was intended to create an expeditious and inexpensive mode by which controversies between executors, administrators or collectors and claimants against the estates of testators and intestates may be settled and determined, and, fairly interpreted, the award of the referees, unless impeached for fraud and collusion, should have the effect, at least, to determine and put an end to the controversy, if not of a judgment, in an action between the parties.

Its effect, if unimpeached for fraud and collusion, is to determine and settle the validity or invalidity of the debt, in a mode prescribed and authorized by law, and if not intended to put an end to the controversy involved, the statute is useless; but if it has this effect, then the award, when filed, whether for or against the administrator, is equivalent to a judgment, and can only be attacked for collusion and fraud. *Speer* v. *James*, 94 N. C., 417, and cases there cited.

It is insisted by the defendants, that if the award is sufficient to charge the estate of the intestate with the debt, they will thereby be deprived of the right of trial by jury. The answer is, they have a jury trial in this action, and, in this respect, the only question is as to the conclusiveness or inconclusiveness, and the force and effect of evidence, in establishing or disproving the existence of a debt against the estate of the intestate, and any valid judgment against the administrator, would have the same effect.

There is no error.                              Affirmed.