M. A. SMITH, Administratrix of JAMES P. DOTY, et al. v. A. and E. KRON.

*Arbitration—Reference—Exceptions.*

While arbitrators are not required to find facts and state conclusions of law, and are not bound to decide the matters submitted correctly, yet where they voluntarily extend to the parties to the controversy an opportunity to have their conclusions of law reviewed by the Court, the practice is analogous to that in reference under *The Code;* and the party desiring to except must point out the errors complained of in proper form and apt time.

These (*Smith, administratrix,* v. *Kron,* and *Smith* v. *Kron,*) were two CIVIL CASES, heard at Spring Term, 1891, of MONTGOMERY Superior Court, before *Graves, J.,* on a motion to make the award of arbitrators a rule of Court.

On the 2d of April, 1890, the parties to each of these actions-entered into an agreement to refer the matters in controversy, involved in them, to arbitrators. A portion of said agreement was in the following words:

" Now, therefore, this agreement witnesseth, that the said parties, hereinbefore named, have mutually agreed, and by these presents do mutually agree, to submit for arbitration, and do hereby submit for arbitration, to F. C. Robbins, M. S. Robbins, S. J. Pemberton and H. B. Adams, all of the matters in litigation aforesaid, or about which there is any con-

troversy, whether specially named herein or not, who shall hear and determine the said matters and make their award in writing, and in the event of the failure of any three of them to agree upon an award, they shall select a fifth man, who shall act as umpire, and the award of a majority of said arbitrators and umpire, when signed and delivered, shall be binding upon the said parties and conclusive as to all matters herein submitted to said arbitrators, and the said award so made shall be a rule of Court in the cases now pending, and judgment according to said award shall be rendered in said actions in so far as they shall be affected thereby."

The arbitrators, having disagreed, chose Kerr Craige as umpire, and a majority made an award as to the issues involved in both actions. No exception having been filed to their report, judgment was rendered in each of the actions confirming the report and making it a rule of Court, and that defendants go without day and recover costs.

No exceptions were filed to the award. After judgment, according to the record, "counsel for plaintiff then stated that he did not think the findings of fact by the arbitrators justified the judgment or conclusions of law, and excepted and appealed to the Supreme Court."

*Mr. R. H. Battle*, for plaintiffs.
No counsel for defendant.

AVERY, J.—after stating the case, proceeded: Arbitrators are not bound, like referees, under the statute (*The Code*, § 2422), to find the facts or state separately their conclusions of law and fact; but if they do attempt to state the law arising on the facts found by them, and "*miss it*," the error may be reviewed on exceptions, and the award set aside. *Allison* v. *Bryson*, 65 N. C., 44; *Farmer* v. *Pickens*, 83 N. C., 549.

They are a law to themselves, are not bound to decide correctly, and, unless they gratuitously incorporate in their

award erroneous views of the law as reasons for the conclusions reached, their action in the absence of fraud is not subject to review. *Robbins* v. *Killebrcw*, 95 N. C., 19; *Miller* v. *Bryan,* 86 N. C., 167.

But, where they voluntarily extend to the parties litigant, as in our case, the opportunity to have their conclusions of law passed upon by the Court, the practice is analagous to that adopted in references by consent. If objection is not taken by exception, pointing out the error complained of, before the rendition of judgment, an appellant has no more right to assign their mistakes of law as error in the Court below, or in this Court, by virtue of the simple announcement, when the judgment is filed, that he appeals from it, than he would have had to except to a report of a referee after its confirmation. *Keener* v. *Goodson*, 89 N. C., 276; *Reizenstein* v. *Hahn*, 107 N. C, 156.

There is no error, and the judgment is affirmed.

Affirmed.