RICHARD HURDLE v. REUBEN STALLINGS.

*Arbitration—Award.*

While arbitrators have power to decide all questions as to the admission and rejection of evidence, as well as to its weight, which may be offered in respect to the matter submitted to them, yet it is their duty to hear all evidence material to the case that may be offered; and where it is made to appear that they arbitrarily refused to hear any evidence whatever, their award should be set aside.

This was a MOTION by plaintiff to set aside an award, heard at Spring Term, 1891, of PERQUIMANS Superior Court, *Bryan, J.,* presiding. The motion was denied, and plaintiff appealed.

*Mr. S. B. Pickard* (by brief), for plaintiff.
No counsel *contra.*

SHEPHERD, J.: By consent of the parties it was ordered by the presiding Judge that the award of the arbitrators should be a rule of the Court. The terms of the submission were that the arbitrators should "go upon the land in controversy and settle the lines between the lands of the plaintiff and the defendant, and settle all matters of difference in relation thereto."

It appears, from the uncontroverted testimony of the plaintiff and the witness Harrell, that when the arbitrators met the plaintiff offered his deeds, plats, etc., relating to the lands in controversy, and that the arbitrators refused to receive or examine them. Harrell also states that the evidence was offered for the purpose of fixing the lines, and none of this testimony being disputed we must assume that the papers offered were relevant to the questions which were about to be passed upon. The settlement of controversies by arbitration is looked upon with great favor by the courts, and ordinarily, if the award be within the power of the arbitrators, "and unaffected by fraud, mistake or irregularity, the Judge has no power over it, except to make it a rule of Court and enforce it according to the course of the Court." *Lusk* v. *Clayton*, 70 N. C., 184. Even where they decide erroneously, the error will not vitiate the award "unless it appears that the arbitrators intended to decide according to law" (*Jones* v. *Frazier*, 1 Hawks, 379); and it is said by SHAW, C. J., in *Boston Water Power Co.* v. *Gray* (6 Metc., 131), that, "as incident to the decision of the questions of fact (the arbitrators) have power to decide all questions as to the admission and rejection of evidence, as well as the credit due to evidence, and the inference of fact to be drawn from it."

So, also, arbitrators have some power within their discretion to determine how much evidence they will hear (*Nicholls* v. *Warren*, 6 Q. B., 615, per Lord DENMAN, C. J.), but it is their general duty to hear all evidence material to the case which is offered (Morse on Arbitration and Award, 142); and

Russell, in his work on Arbitration (Third Edition, 178), says that "declining to receive evidence on any matter is, under ordinary circumstances, a delicate step to take: for the refusal to receive proof, ·where proof is necessary, is fatal to the award." In this case the arbitrators were to settle the lines between the parties and all matters of difference in relation thereto. The evidence, according to the affidavits of the plaintiff, was offered for that purpose, and there is no attempt to show that it was immaterial.

Without undertaking to lay down any rule beyond the general principles indicated as to how far arbitrators may go in the rejection of testimony, we are clearly of the opinion that they have no power to arbitrarily decline to receive or examine any testimony whatever.

For this reason we think that the award should have been set aside.

Error.