W. J. WYATT v. THE LYNCHBURG AND DURHAM RAILROAD
COMPANY.

*Arbitration and Award—Evidence.*

Upon the filing of an award directing payment to the plaintiff of a
certain sum in dollars and cents, the defendant moved, upon affi-
davits setting forth the contracts upon which the award was
based, that the judgment to be rendered thereon should be so
framed that defendant might discharge the same with certain
bonds, as stipulated in the said contract: *Held,* that evidence
*aliunde,* of principle upon which the award was based was not
competent; and it being regular on its face, and no objection on
account of fraud, mistake or irregularity being made, it should
be affirmed.

This is a CIVIL ACTION, heard upon motion to enter award,
before *Boykin, J.,* at March Term, 1891, of DURHAM Supe-
rior Court.

The action was brought to recover a balance alleged to be
due for work done and material furnished on the construc-
tion of defendant Lynchburg and Durham road.

At the return term, and before any pleadings were filed,
the cause was referred to arbitrators with directions to make
an award and report it to the Court. This was done, and a
sum in dollars and cents was awarded to be due the plaintiff.
Upon motion to enter judgment according to the award, the
defendants—The Penn Construction Company and Codwise
& Allen—moved that the judgment should be so framed
that they might discharge it with certain bonds issued in
aid of the Lynchburg and Durham Railroad by certain
townships of Person County, and supported this motion by
affidavit that the contract under which the work was done
contained a provision to that effect; that the contract was
before the arbitrators on their hearing, and their attention

was particularly called thereto. The contract was also offered in evidence on this motion.

The motion of defendants was overruled, and judgment entered in pursuance of the award, from which defendants— Penn Construction Company and Codwise & Allen—appealed.

*Messrs. J. W. Graham, J. S. Manning, W. W. Fuller* and *J. Parker,* for plaintiff.
*Mr. W. A. Guthrie,* for defendant.

SHEPHERD, J.: Upon the coming in of the award the defendants introduced before his Honor an affidavit, from which it appeared that in the contract on which this action is brought it was provided that the defendants should have the privilege of paying for work done in Person County "in the valid county or township bonds of the said county;" the same to be received "in payment for said work at par and interest." It also appeared by said affidavit that the contract was introduced before the arbitrators and their attention directed to the provision above mentioned. The defendants then moved that the judgment should be so framed as to permit them to discharge the amount found to be due by the award by the payment into Court of an equal amount in the said bonds.

The award does not set forth the terms of the contract, nor does it identify it as the same as that mentioned in the affidavit. Neither does it undertake to construe its provisions, nor in any other respect to decide according to law. It simply speaks of a contract between the parties, and declares that so many dollars and cents are due the plaintiff by the defendants.

The settlement of controversies by arbitration is looked upon with great favor by the Courts and, ordinarily, if the award be within the power of the arbitrators "and unaffected

by fraud, mistake or irregularity, the Judge has no power over it, except to make it a rule of the Court and enforce it according to the course of the Court." *Lusk* v. *Clayton*, 70 N. C., 184. Even where they decide erroneously, the error will not vitiate the award unless it appears that they intended to decide according to law (*Jones* v. *Frazier*, 1 Hawks, 379; *Hurdle* v. *Stallings*, 109 N. C., 6), "for they are a law unto themselves and may decide according to their notions of justice without giving any reasons." *Leach* v. *Harris*, 69 N. C., 532. Unless the award discloses an intention to decide according to the law, such intention can be shown in no other way. *Ryan* v. *Blount*, 1 Dev. Eq., 382. In the case just cited, it appeared that the arbitrators improperly charged a guardian with compound interest, and testimony was heard which showed that they undertook to decide that question according to law. The Judge set aside the award, and this Court, in reversing the judgment, said that "the Court must have come to that conclusion (that is, that they intended to decide according to law) by conjecture, or by evidence *aliunde;* neither of which sources will do. It must plainly appear upon the face of the award, otherwise it is taken that the arbitrators intended to be governed by their own rules or notions of right. Both the law and the facts are referred to them, and where there is no fraud or mistake, the latter to be ascertained as before stated, the award is conclusive. It is in their judgment, as to both, that the parties confide." Tested by the foregoing principles, we are unable to see any error on the part of his Honor in refusing the motion of the defendants. As we have stated, there is nothing in the award which shows that the arbitrators intended to decide according to law. Had the contract mentioned in the affidavit been admitted in the pleadings, there might have been some ground upon which to base the motion, but even in that case the power of the Court to interfere would be doubtful, as the submission to

arbitration was not restricted to the ascertainment of how much was due upon the contract, but it comprehended "all matters in controversy," thus leaving the existence of the contract, as well as its terms and legal construction, to be determined entirely by the arbitrators. The affidavit shows that they had the contract mentioned by the defendants before them, and if they found that such was the contract and erred in its legal construction, it is clear that their judgment cannot be reviewed unless, as we have said, it appears that they intended to decide according to law. It may be that they found that such was not the contract, or that it had been modified, or that the defendants had waived the right to avail themselves of the privileges claimed, or that, in estimating the amount due in money, they considered the actual value of the bonds. Whatever may have been the reasons upon which the arbitrators acted, we are very sure that, under the principle so often declared by this Court, his Honor committed no error in refusing the motion of the defendants.

Affirmed.