McLEOD v. GRAHAM.

(Filed April 28, 1903.

1. JUDGMENTS—*Irregular—Complaint—The Code, Sec. 206.*

Acquiscence in a judgment waives the failure to file a complaint.

2. EXECUTORS AND ADMINISTRATORS—*Arbitration and Award— References—The Code, Sec. 1426.*

The Code, Sec. 1426 authorizes the submission to arbitration of a claim against an administrator.

3. EXECUTORS AND ADMINISTRATORS—*Claims—Filing—Pleadings.*

An action brought against an administrator is a sufficient filing of a claim against the estate.

4. EXECUTORS AND ADMINISTRATORS—*Judgments—Distributees.*

On a motion by an administrator to set aside a judgment by a creditor of the estate upon an alleged irregularity of the judgment, the distributees cannot intervene.

5. ARBITRATION AND AWARD—*Judgments—References — The Code, Secs. 276, 1426—Appeal.*

After an award has passed into final judgment, it is too late to contest the same for alleged mistake in calculation of arbitrator, or that the arbitration had not been made a rule of court, or that the amount was agreed upon by the parties, or that the reference to arbitration was invalid. For an erroneous judgment the only remedy is by appeal.

ACTION by N. A. McLeod against G. W. Graham, administrator, heard by Judge *Charles M. Cooke,* at February Term, 1903, of the Superior Court of CUMBERLAND County. From a judgment setting aside a judgment for the plaintiff, he appealed.

*Rose & Rose,* for the plaintiff.
*H. L. Cook,* for the defendant.

CLARK, C. J.   This is an action brought against the defendant administrator for an alleged indebtedness by his intestate to the plaintiff. After suit brought and without

pleadings having been filed, the parties agreed in writing to submit the matter in dispute to arbitration. The Code, Sec. 1426. The arbitrators made an award and reported the same to court and judgment was duly entered thereon. At the next term, a distributee of the estate filed a petition to set aside the judgment, and subsequently thereto the arbitrators filed a statement that they had detected an error in the addition of the figures to the amount of $168 and "authorized and instructed the clerk to change their report in making the award $146.44 instead of $314.44." Notice was issued to the parties of the motion to modify and reduce the judgment, and at February term, 1903, the defendant administrator asked that the judgment be set aside, which the court did upon the ground that it was an irregular judgment. The motion having been made after the trial term and not upon any of the grounds set out in The Code, Sec. 274, could only be sustained upon the ground of irregularity. *Turner v. Davis,* at this term. No fraud is alleged, and if there had been it would have been ground for an action and not for a motion in the cause, this being a final judgment. *Carter v. Rountree,* 109 N. C., 29.

But we can not discover any irregularity in the judgment. The action was pending and the judgment was regularly entered and in due course. The failure to file a complaint was ground to dismiss the action, if objection had been taken in apt time, The Code, Sec. 206, but its absence was cured by acquiescence in the judgment. *Vick v. Pope,* 81 N. C., 22; *Leach v. Railroad,* 65 N. C., 485; *Stancill v. Gay,* 92 N. C., 455; *Peoples v. Norwood,* 94 N. C., 167; *Little v. Mc-Carter,* 89 N. C., 233; *Robeson v. Hodges,* 105 N. C., 49; *McNeill v. Hodges,* 105 N. C., 52; *Peebles v. Braswell,* 107 N. C., 68; *McLean v. Breece,* 113 N. C., 390. Besides, the submission (in writing) to arbitration, the written award and the consent to the judgment thereon show that the de-

fendant had as full information as could have been had from a complaint.

The submission to arbitration or reference was authorized by The Code, Sec. 1426. *Lassiter v. Upchurch,* 107 N. C., 411. The action brought was sufficient "filing" the claim, *Stonestreet v. Frost,* 123 N. C., 640, but if it were otherwise, that was a matter to have been heard in opposition to the judgment and not as ground to set it aside, for the defendant not only was a party to the arbitration, but it is found as a fact that his counsel knew of the arbitration and knew of the signing the judgment. Whether the judgment will protect the defendant administrator against the distributees in an action charging negligence or want of care in his administration, can not now be raised, for the distributees are not parties to this action. This motion is between the parties and rests upon the alleged irregularity of the judgment. The attempted intervention and affidavit of the distributee can not be considered. *Walton v. McKesson,* 101 N. C., 428.

If the award itself had been contested for error in calculations therein, judgment thereon could not have been defeated for alleged mistake, when even this was denied, we have proceeded beyond that, for the award has passed into a solemn judgment of a court of competent jurisdiction. For the same reason, it is too late now to contest that the arbitration not having been made a rule of court, judgment should not have been entered upon it. *Metcalf v. Guthrie,* 94 N. C., 451. The parties accepted and agreed upon the award as the amount due, and judgment was by consent. *Moore v. Austin,* 85 N. C., 179. If the judgment was erroneous, the only remedy was by appeal. *Henderson v. Moore,* 125 N. C., 383. The defendant properly concedes in his brief that the court could not modify or amend such consent judgment, citing *Kerchner v. McEachern,* 93 N. C., 455, and rests his case upon the power of the court to set aside an irregular

judgment. The reference to arbitration was valid, *Lassiter v. Upchurch,* 107 N. C., 411, but even that matter is not before us after judgment in the cause. If it should be a hardship not to correct an alleged error in an award after judgment thereon, it is a less hardship than a practice leaving arbitrators to be worked on by the unsuccessful parties to actions. "Hard cases are the quick sands of the law." An error in calculating an award is like an error in the calculation of their verdict by a jury, which can not be brought forward at a subsequent term upon a statement of the jurors to set aside a judgment regularly entered upon the verdict.

Upon the findings of fact, the judgment setting aside the former judgment must be

Reversed.