IN RE LILLIAN B. SHUTT, ADMINISTRATRIX.

(Filed 4 January, 1939.)

**1. Executors and Administrators § 19: Courts § 2c—Unchallenged ruling that clerk was without jurisdiction held to terminate proceeding.**

The clerk appointed a referee to hear claims against the estate of a deceased under C. S., 99, and thereafter approved the report of the referee. On appeal, the Superior Court ruled that the clerk had no authority in the premises. *Held:* The unchallenged ruling vacated the supposed reference, and ended the matter, and the further ruling of the court that the referee's report was binding on other grounds is a nullity notwithstanding the broad jurisdiction of the Superior Court under C. S., 637.

**2. Executors and Administrators § 19—**

Deceased's widow filed claims with herself as administratrix of the estate, which claims she denied as administratrix solely as a matter of propriety. *Held:* No proper predicate for the determination of the claims was laid.

APPEAL by Lillian B. Shutt from *Phillips, J.,* at June Term, 1938, of FORSYTH.

Proceeding to determine validity of claims against the estate of Henry D. Shutt, deceased.

Lillian B. Shutt, widow of Henry D. Shutt, deceased, filed three claims with herself as administratrix of her husband's estate, which in her representative capacity she did not care to accept; wherefore, as administratrix, she petitioned the clerk of the Superior Court to appoint a referee to hear the merits of the claims and to report his findings together with his conclusions of law to the clerk. This was done.

The referee heard the claimant, contesting heirs, and the administratrix, and reported his findings of fact together with his conclusions of law to the clerk. Claimant filed exceptions thereto.

The clerk ruled that the proceeding was under C. S., 99, and as the "findings of the arbitrator have not been impeached for fraud or collusion," the report of the referee was approved.

From this judgment, the claimant appealed to the Superior Court.

The judge held that the clerk was without jurisdiction to appoint a referee under C. S., 99, but that the conduct of the claimant, as individual and administratrix, amounted to an agreement to arbitrate the matter, which had not been impeached for fraud or collusion, and the report of the referee was therefore binding.

Claimant appeals, assigning errors.

*Ingle, Rucker & Ingle for appellant.*
*Parrish & Deal for appellees.*

STACY, C. J. The proceeding has at least the merit of novelty. The clerk thought he was acting under C. S., 99. The judge held that the clerk had no authority in the premises, if indeed the proceeding may properly be styled a judicial one, which may be doubted. This ruling, which is unchallenged, vacated the supposed reference and put an end to the matter, notwithstanding the broad jurisdiction of the Superior Court under C. S., 637. The administratrix expressed no doubt as to the justness of the claims presented, but simply said as a matter of propriety she was in no position to admit them. This falls short of a proper predicate for the determination of the claims.

We were informed on the argument that claimant has lately resigned as administratrix of her husband's estate and that another has been appointed in her stead. The new representative has not been made a party to this proceeding. No doubt the matter will now be adjusted in some approved way.

Proceeding dismissed.