IN THE MATTER OF THE ADMINISTRATION OF THE ESTATE OF Z. SMITH REYNOLDS, DECEASED.

(Filed 5 June, 1942.)

**Executors and Administrators § 18—Neither claimant nor estate may appeal from report of referees in proceeding under C. S., 99.**

Where a claimant and the personal representative voluntarily execute a written agreement referring the claim to disinterested persons under C. S., 99, the referees are not required to decide the matter according to law, and their report is conclusive and neither party is entitled to appeal therefrom upon exceptions, there being no provision in the statute for appeal and, the proceeding being neither a civil action nor a special proceeding nor a judicial order, and neither C. S., 637, nor C. S., 638, is applicable.

APPEAL by claimant, Mrs. Mary K. Babcock, from *Clement, J.,* at November Term, 1941, of FORSYTH. Reversed.

This was a proceeding under C. S., 99, to determine the validity of a claim against the estate of Z. Smith Reynolds.

IN RE ESTATE OF REYNOLDS.

The administrator and the claimant, a sister of the intestate, entered into an agreement in writing to refer the matter in controversy to three disinterested persons who should "hear the evidence relating to said claim, and determine the justness thereof, and make their award in accordance with their finding, as provided in section 99 of the North Carolina Code of 1939." The referees chosen by the administrator and the claimant, acting under this agreement and in accord with the provisions of this statute, decided in favor of the claimant. Both the written agreement to refer and the report were filed in the clerk's office. The administrator filed exceptions to the report, and appealed to the Superior Court. The claimant moved to dismiss the appeal on the ground that there was no authority in law for such an appeal, and that the court was without jurisdiction. The motion was overruled and claimant excepted. Upon consideration of the report and exceptions thereto the court below sustained certain of the exceptions, reversed the decision of the referees, and rendered judgment against the validity of the claim.

The claimant, Mrs. Mary K. Babcock, appealed to this Court.

*Womble, Carlyle, Martin & Sandridge for Mary K. Babcock, appellant.*
*Vaughn, Graham & Blackwell for Estate of Z. Smith Reynolds, deceased, appellee.*

DEVIN, J. The matter in controversy between the claimant and the administrator of the estate of Z. Smith Reynolds was the justness of her claim for the return of money borrowed from her by the intestate, evidenced by a note. At the time of the loan the intestate was under the age of twenty-one years, and died before attaining his majority. The amount of the loan was retained and not returned by the intestate or by his administrator. For the determination of this controversy the parties agreed in writing to resort to the method prescribed by C. S., 99. The decision thus reached and duly reported was in favor of the claimant. The administrator, however, filed exceptions to the report and appealed to the Superior Court. Over objection of the claimant, the court below reviewed the report and reversed its conclusion.

The sole question presented by this appeal is whether the determination of a controversy, in accord with the provisions of this statute, is final and conclusive on the parties, or whether it is open to appeal under the ordinary rules pertaining to consent references in civil actions or to special proceedings begun before the clerk.

The statute, originally enacted in 1869, is as follows: "If the executor, administrator or collector doubts the justness of any claim so presented, he may enter into an agreement, in writing, with the claimant, to refer the matter in controversy, whether the same be of a legal or equitable

nature, to one or more disinterested persons, not exceeding three, whose proceedings shall be the same in all respects as if such reference had been ordered in an action. Such agreement to refer, and the award thereupon, shall be filed in the clerk's office where the letters were granted, and shall be a lawful voucher for the personal representative. The same may be impeached in any proceeding against the personal representative for fraud therein: Provided, that the right to refer claims under this section' shall extend to claims in favor of the estate as well as those against it."

The purpose of this statute obviously was to empower the administrator to enter into an agreement in writing to submit to referees, rather than to the court, the validity of a disputed claim, the decision to be binding upon the estate as well as the claimant. Only those having a pecuniary interest in the estate may be heard to impeach the result for collusion or fraud. The statute thus provides a convenient and summary method of determining the validity of a claim against an estate. The proceeding is based upon the agreement of the parties. It is not an action, nor a consent reference under the Code. It lacks the ordinary incidents of a special proceeding which is begun before the clerk. There is neither in the statute nor in the agreement any provision or machinery for review or appeal. It is unlike C. S., 626, which provides for the submission to the court of a controversy without action, with right of appeal expressly conferred. It differs from the statutory procedure regulating arbitration and award under ch. 94, Public Laws 1927, which provides for the supervision of the court. No jurisdiction was conferred on the judge by C. S., 637, since this was neither a civil action nor a special proceeding. The right of appeal conferred by C. S., 638, is from a judicial order or determination and not from the extrajudicial decision of private persons to whom the parties have agreed to submit their dispute. Neither the execution of the agreement nor the jurisdiction thereby given to the referees is controverted. The decision was within the terms of the submission.

The administrator and the claimant have formally stipulated to submit the matter in controversy to a tribunal of their own choosing. From its decision they reserved no right of appeal. The result can be impeached only for fraud. *Gardner v. Masters,* 56 N. C., 463; *Metcalf v. Guthrie,* 94 N. C., 447; *Millsaps v. Estes,* 137 N. C., 536 (539), 50 S. E., 227; *Williams v. Mfg. Co.,* 153 N. C., 7, 68 S. E., 902; *Nelson v. R. R.,* 157 N. C., 194, 72 S. E., 998; *Sprinkle v. Sprinkle,* 159 N. C., 81, 74 S. E., 739; *Farmer v. Wilson,* 202 N. C., 775, 164 S. E., 536; *District Columbia v. Bailey,* 171 U. S., 161; *U. S. v. Gleason,* 175 U. S., 588; *Whitcher v. Whitcher,* 49 N. H., 176 (180); 6 C. J. S., 265; 3 Am. Jur., 951.

In *Lassiter v. Upchurch,* 107 N. C., 411, 12 S. E., 63, the Court used this language: "However that may be in ordinary submission by parties

to arbitration, we think that section 1426 of The Code (now C. S., 99) was intended to create an expeditious and inexpensive mode by which controversies between executors, administrators, or collectors and claimants against the estates of testators and intestates may be settled and determined, and, fairly interpreted, the award of the referees, unless impeached for fraud and collusion, should have the effect, at least, to determine and put an end to the controversy, if not of a judgment in an action between the parties. Its effect, if unimpeached for fraud and collusion, is to determine and settle the validity or invalidity of the debt in a mode prescribed and authorized by law, and if not intended to put an end to the controversy involved, the statute is useless, but if it has this effect, then the award, when filed, whether for or against the administrator, is equivalent to a judgment, and can only be attacked for collusion and fraud."

The decision in *Lassiter v. Upchurch, supra,* was cited in *McLeod v. Graham,* 132 N. C., 473, 43 S. E., 935, as authority for holding that a judgment based upon the report of the referees under this statute could not be set aside for irregularity even to correct a mistake. See, also, *Ezzell v. Lumber Co.,* 130 N. C., 205, 41 S. E., 99; *Mayberry v. Mayberry,* 121 N. C., 248, 28 S. E., 349; *In re Shutt,* 214 N. C., 684, 200 S. E., 372.

The method of deciding a disputed claim prescribed by this section is a substitute for a proceeding in court, and depends for its conclusive effect, as to the question submitted, upon the voluntary agreement of the parties. By it a question material to the proper settlement of an estate is determined. The report of the decision is filed in the clerk's office, not for the purpose of permitting exception and appeal, but as establishing an item in the administrator's accounting. It is given the effect by the statute of constituting a lawful voucher in his hand.

The form in which the referees in this case, under C. S., 99, made their report, containing findings of fact and conclusions of law, would not authorize an appeal from their report to the Superior Court. In cases of arbitration it is well settled that the arbitrators chosen by the parties to determine a controversy as to a particular matter are not required to decide according to law. *Keener v. Goodson,* 89 N. C., 273; *Henry v. Hilliard,* 120 N. C., 479, 27 S. E., 130; *Millinery Co. v. Ins. Co.,* 160 N. C., 130 (140), 75 S. E., 944; 3 Am. Jur., 923; 112 A. L. R., 874.

The principle referred to in *Smith v. Kron,* 109 N. C., 103, 13 S. E., 839, is not controlling in a proceeding under C. S., 99. That was a case of arbitration entered into in actions already pending in the Superior Court, under agreement that the award should be made a rule of court. Upon similar situations were based the decisions in *Lusk v. Clayton,* 70 N. C., 184; *Hurdle v. Stallings,* 109 N. C., 6, 13 S. E., 720; *Wyatt v.*

*R. R.,* 110 N. C., 245, 14 S. E., 683; *Patton v. Garrett,* 116 N. C., 847, 21 S. E., 679.   In *Herndon v. Ins. Co.,* 110 N. C., 279, 14 S. E., 742, the question was whether the appraisers selected under the provisions of a fire insurance policy had reached a final agreement and delivered the award. The distinction between an arbitration in a pending suit, and one based entirely on the agreement of the parties is pointed out in McIntosh Prac. & Proc., sec. 537.   Here the submission to the referees under this statute was without reservation, and was the method selected by the administrator and the claimant to decide a disputed question arising in the administration of an estate, and did not afford an avenue of approach to technical litigation originally sought to be voided.

We conclude that the decision of the referees under the statute invoked was binding upon the parties and was conclusive as to the validity of the claim.   There was no suggestion of fraud or collusion.   The payment of Mrs. Babcock's claim would constitute a proper disbursement from the assets of the estate, and the award a lawful voucher in the hands of the administrator.

The motion to dismiss the exceptions to the report and the appeal therefrom should have been allowed.   The judgment of the Superior Court must be

Reversed.